**In the Matter of the Honorable Jack P. STEINLE, Respondent.**

**No. 64689.**

Supreme Court of Missouri, En Banc.

June 30, 1983.

James M. Smith, Administrator and Counsel, Commission on Retirement, Removal & Discipline, St. Louis, for informant.

Ransom A. Ellis, Jr., Springfield, for respondent.

KELSO, Senior Judge.

This case comes to this Court after a hearing before the Commission on Retirement, Removal and Discipline. This Court has jurisdiction by reason of Rule 12.08(c)

---

and Art. V, § 24(3) of the Constitution of Missouri.

The Respondent herein is the duly elected Associate Circuit Judge of Lawrence County, Missouri, having assumed the duties of that office on January 1, 1979. As of the date of this hearing, May 17, 1983, Respondent still held that position.

On August 30, 1982, Respondent was notified that a proceeding had been initiated before the Commission to determine whether or not he should be retired, removed from office or disciplined. The thrust of the charge was that the Respondent had not acted with reasonable dispatch in disposing of cases pending before him.

While there was some suggestion that Respondent had been dilatory in other cases the charge here set out only sixteen cases by name in which the dilatoriness was charged in failure to rule on motions, trials and other matters.

After the hearing the Commission found the charge to be supported by the evidence in thirteen of the sixteen cases enumerated. The Commission recommended suspension without pay for a period of two weeks by a vote of four to two with the two voting for censure.

This Court has previously held that dilatoriness is a cause for discipline. *In re Corning,* 538 S.W.2d 46 (Mo. banc 1976); *In re Kohn,* 568 S.W.2d 255 (Mo. banc 1978). This Court has also previously held that it is incumbent on the Court to review the record made before the Commission and reach its own conclusion. *In re Buford,* 577 S.W.2d 809 (Mo. banc 1979).

A strong case can be made that the Supreme Court ought to defer to the findings of fact of the Commission. Rule 12.08(c) only provides that "... [t]his Court shall review the record, consider the recommendation of the Commission and make such order as to the respondent as it deems just." Failure to give the Commission's findings substantial consideration and weight nullifies its purpose.

In the instant case, however, the record clearly vindicates the action of the Commission. Of the sixteen cases considered by the Commission where the Respondent was charged with being dilatory the Commission ruled against the Respondent in thirteen of them. Let us examine three of them. In *Calverly v. Taylor,* the case was filed January 11, 1980. Trial was held on February 22, 1980, but judgment was not entered until March 31, 1982. The case of *Huff v. Keithly,* was filed July 24, 1980 with the trial being held October 3, 1980, but Respondent did not grant judgment until March 31, 1982. In *Allen v. M.F.A.* the case was filed June 9, 1980, assigned to the Respondent on October 24, 1980, and tried January 14, 1981. Judgment was not entered until April 7, 1982. The remaining ten cases follow a like pattern.

The most persistent and perhaps the most valid criticism of our Court system is the length of time litigants must wait for justice to be accomplished. In the early part of this century Finley Peter Dunne wrote of the laws delay and has Mr. Dooley say, "If ye're ... f'r a game iv quick decisions an' base hits, ye've got to hire another empire." Dunne, Mr. Dooley on the Choice of Law (1910).

Although there have been many changes in our legal system since the time of Mr. Dooley we still have "justice delayed, justice denied". In this the French saying is certainly applicable that "the more things change, the more they become the same." If dockets are to be moved then a signal must be sent to the trial courts.

Respondent's defenses of judicial inexperience, inexperienced clerical help, heavy docket, backlog of inherited cases and an inept prosecuting attorney are but mitigating circumstances. The recommendation of the Commission seems appropriate under all the circumstances of this case.

We approve the recommendation for two weeks suspension without pay. It appears from the records of the Court that the Respondent was suspended with pay from January 3, 1983 through February 23, 1983, at which time he was restored to duty by order of this Court. It is the judgment of this Court that Respondent forfeit two

weeks of his pay on account of the time during which he was suspended with pay, and that the Clerk of this Court is directed to furnish and deliver certified copies of this opinion and order as provided in Rule 12.26.

RENDLEN, C.J., HIGGINS, GUNN, BLACKMAR, DONNELLY, JJ., and SNYDER, Special Judge, concur.

WELLIVER and BILLINGS, JJ., not sitting.