Billy L. WILSON, District Judge, Twenty-Third Judicial District, Appellant,

v.

JUDICIAL RETIREMENT AND REMOVAL COMMISSION, Appellee.

Supreme Court of Kentucky.

July 5, 1984.

Rehearing Denied Aug. 1, 1984.*

Blake Page, Winchester, for appellant.

George F. Rabe, Lexington, James D. Lawson, Lexington, for appellee.

## OPINION OF THE COURT

Billy L. Wilson, a district judge, appeals from an order of the Judicial Retirement and Removal Commission which removed him from office for the remainder of his term.

Two charges were initiated against appellant, and hearings thereon were conducted by the commission.

In Count I appellant was charged with misconduct in office and with violation of Canon 1, Canon 2, Canon 3(A)(1), and Canon 3(C)(1)(a) of the Code of Judicial Conduct by actively participating as a judge in judicial proceedings involving a close personal friend.

In Count II appellant was charged with misconduct in office and with violation of Canon 1, Canon 2, Canon 3(A)(1), and Canon 3(A)(4) of the Code of Judicial Conduct by his disposition and dismissal of criminal charges against a defendant without notice to or knowledge of the attorney for the Commonwealth of Kentucky.

As to Count I, the commission found from the evidence that appellant was a close personal friend of William Brown who owns a farm in Estill County, Kentucky; that Brown became a figure in a controversy with Florida law enforcement officials over possession of two farm tractors alleged to have been stolen property; that a deputy sheriff from Florida along with two Kentucky state policemen took the tractors from Brown's farm in Estill County and impounded them; that Brown

* All concur except Aker, J., who did not sit.

filed a civil action in circuit court against the officers in which he claimed the tractors had been illegally seized by the officers and he sought a restraining order to prevent removal of the tractors from Estill County; that appellant, as district judge, signed the restraining order without certifying the absence of the circuit judge from the county (CR 65.03(2)); that appellant signed a warrant of arrest for the Florida deputy on an affidavit executed by William Brown; that the County Attorney of Estill County declined to prepare an affidavit for a warrant for the arrest of the Kentucky state policemen, advising Brown to take the matter before the grand jury, which was then in session, but later did prepare the affidavits when appellant told him that William Brown would sue him for failure to do his job if he (the county attorney) failed to prepare the affidavits.

The commission concluded that appellant's actions constituted misconduct in office because he actively participated in a proceeding in which his impartiality might reasonably be questioned; that he failed to observe the high standards necessary to preserve the integrity and independence of the judiciary; that he allowed a social relationship to influence the performance of his duties and that he intentionally and wrongfully used the power of his office to commit acts specifically designed to aid and benefit a close personal friend.

As to Count II of the charges, the commission found that Phillip Block was arrested in Lee County on November 21, 1982, charged with (1) driving under the influence, (2) possession of prescription drugs not in the proper container, (3) possession of drug paraphernalia, (4) possession of marijuana, and (5) improper vehicle registration; that he executed bond for $1750.00 and arraignment was set for December 6, 1982; that following a meeting in appellant's chambers between appellant, Block, and one Henrietta Gray, Block and Henrietta Gray appeared before Judge Wilson in the judge's office in Estill County (where he also served as district judge) on November 27, 1982, without notice to the attorney for the Commonwealth; that

Judge Wilson dismissed the charges of driving while under the influence, possession of prescription drugs not in a proper container, possession of marijuana, and possession of drug paraphernalia and allowed Block to plead guilty to the charge of improper vehicle registration for which a fine of $50 was imposed; that Judge Wilson then signed an order returning Block's bond deposit of $1750.00 and instructed Block and Henrietta Gray to present the order to the Lee Circuit Court Clerk for a return of the bond deposit; that Judge Wilson knew that Henrietta Gray was the wife of a man reputed to be involved in the sale and distribution of illegal drugs in the area; that the Lee County Attorney did not learn of the dismissal of these charges until December 6, 1982, the date of the scheduled arraignment; and that the Lee County Attorney testified before the commission that he could have successfully prosecuted some of the charges which were dismissed.

The commission concluded that Judge Wilson had no legitimate reason for disposing of the charges in the secrecy of his chambers without notice to the Commonwealth and that he had no legal grounds for dismissal of the charges. In doing so, the commission concluded that Judge Wilson grossly abused the power of his judicial office.

The Judicial Retirement and Removal Commission, an independent agency, is established by Section 121 of the Kentucky Constitution. It has the power, in its discretion, to remove from office a sitting judge for good cause. The evidence to sustain the charges must be clear and convincing. SCR 4.160; *Nicholson v. Judicial Retirement and Removal Commission,* Ky., 573 S.W.2d 642 (1978).

The commission, charged with the discipline of justices and judges of the Court of Justice is the finder of facts in any particular case and may make reasonable conclusions based upon the facts. A review by the Supreme Court may be had by appeal, but on appeal this court must

accept the findings and conclusions of the commission unless they are clearly erroneous; that is to say, unreasonable. *Long v. Judicial Retirement and Removal Commission,* Ky., 610 S.W.2d 614 (1980).

Appellant contends that all district judges are inevitably called upon to act in cases which may involve, to some extent, a personal friend and that disqualification in all such cases would seriously diminish the capacity of any judge to perform the duties of his office. We note that the finding of guilt by the commission was not based upon the element of friendship alone—but upon the conclusion of the commission that appellant intentionally and wrongfully misused the power of his office to commit acts specifically designed to aid and benefit a close personal friend.

Likewise, the commission did not hold that every dismissal of a charge without notice to the Commonwealth would, in itself, be grounds for discipline, but in view of the unsavory circumstances surrounding the dismissal of these particular charges, the commission concluded that Judge Wilson had violated the canons of ethics so grievously as to constitute misconduct in office.

On a review of the entire record, we are unable to say that it was unreasonable for the commission to make the findings and conclusions set forth in this opinion, nor was the penalty of removal from office, imposed by the commission, unreasonable.

The order of the commission is affirmed.

STEPHENS, C.J., and GANT, LEIBSON, STEPHENSON, VANCE and WINTERSHEIMER, JJ., concur.

AKER, J., not sitting.