**H. Randall STARNES, District Judge, 35th Judicial District, Second Division, Appellant,**

v.

**JUDICIAL RETIREMENT AND RE-MOVAL COMMISSION, Appellee.**

Supreme Court of Kentucky.

Dec. 6, 1984.

Henry D. Stratton, Herman W. Lester, Pikeville, for appellant.

George Rabe, James D. Lawson, Lexington, for appellee.

OPINION OF THE COURT.

District Judge H. Randall Starnes appeals from an Order of the Judicial Retirement and Removal Commission removing him from office for the reasons stated in the "Findings of Fact, Conclusions of Law, and Final Order" of the Commission.

Briefly stated, the Commission has found Judge Starnes guilty of "misconduct in office," of "persistent failure to perform the duties of his office," and "violating the Code of Judicial Conduct."

The evidence, largely unrefuted, is that during much of his tenure, and more particularly during the last three years, Judge Starnes has been frequently absent when court was scheduled to be in session, almost invariably late when he did show up, and usually unavailable to conduct the business of his office when court was not in session. His conduct significantly contributed to an unnecessary delay in disposition of cases and a large backlog of cases in his District.

Judge Starnes was also found guilty of improperly failing to disqualify in criminal cases involving defendants who were close personal friends. One friend faced charges in some fifteen cases, and a second one in eleven cases. In fairness, he was not charged with showing favoritism to these two friends, and a charge that he had exhibited favoritism toward a third friend was found to be unproved and dismissed.

At one point in his defense Judge Starnes submitted a letter from a Georgia alcohol and drug abuse clinic indicating that while these proceedings were in progress Judge Starnes had undertaken a course of treatment for drug addiction. On this appeal his counsel argues that he "was mislead [by opposing counsel] into believing that the Commission would, after his hospitalization, be compassionate." He suggests that he was "entrapped into appearing before the Commission and admitting to the Commission, after his hospitalization and beginning treatment, about having a problem with substance abuse"; that the failure to show him mercy when he had "voluntarily bared his soul in hope that the compassion could be found," was a breach of faith.[1] This argument concedes implicitly, if not in so many words, that this appeal does not challenge the sufficiency of the

evidence to prove the charges against him. In the circumstances of this case, had the Commission members elected to show the compassion to which the appellant alludes, they would have violated the responsibilities of their office and broken faith with the public.

The Commission found that "an addiction to an illegal drug which occurs as a result of voluntary conduct does not afford a valid defense to charges of misconduct on a judge's part .... [A] judge who voluntarily engages in illegal drug activity violates Canon 1 and Canon 2 of the Code of Judicial Conduct." We agree.

This opinion should not be misinterpreted. The fact that a judge is late or absent on occasion does not necessarily warrant a reprimand, let alone anything so serious as removal from office. But the misconduct here was chronic and pervasive. It was extreme. It seriously disrupted the administration of justice in the 35th Judicial District and brought the entire judiciary into disrepute. The evidence to sustain the charges met the necessary standard; it was "clear and convincing." SCR 4.160; *Nicholson v. Judicial Retirement & Removal Commission*, Ky., 573 S.W.2d 642 (1978). In the circumstances the decision of the Commission to order removal was neither unjustified nor excessive.

Likewise, with reference to failing to disqualify in cases involving his friends, the details indicate an abuse of office, rather than a mere mistake in judgment. We are not called on to decide whether this conduct, standing alone, would justify removal. The question is whether, when all the evidence of misconduct is considered together, did the Commission abuse its decision-making function by ordering removal? We conclude that it did not.

In *Wilson v. Judicial Retirement & Removal Commission*, Ky., 673 S.W.2d 426, 428 (1984), we state:

---

1. Appellant had failed to appear in his own defense at two scheduled hearings of the Commission with no explanation except an ambiguous doctor's letter about voluntary treatment for depression and personality disorder. The full explanation was presented belatedly.

"On a review of the entire record, we are unable to say that it was unreasonable for the commission to make the findings and conclusions set forth in this opinion, nor was the penalty of removal from office, imposed by the commission, unreasonable."

Consistent with that opinion we affirm the decision of the Judicial Retirement and Removal Commission in the present case. The appeal is dismissed.

STEPHENS, C.J., and AKER, GANT, LEIBSON, VANCE and WINTERSHEIMER, JJ., sitting.

All concur.