**In re Inquiry Concerning William L. JONES, A District Judge.**

**No. 86SA175.**

Supreme Court of Colorado, En Banc.

Nov. 17, 1986.

Fred M. Winner, Denver, V.G. Seavy, Jr., Georgetown, for William L. Jones.

George S. Meyer, Denver, Special Counsel, for the Com'n on Judicial Discipline.

**PER CURIAM.**

·Honorable William L. Jones, you appear before this court for imposition of discipline based upon violation of the duties of your office as a district court judge. After a formal hearing, the Commission on Judicial Discipline (commission) found that you delayed for more than two years in issuing a decision in a case tried to the court without a jury. The commission concluded that your conduct violated Canon 3 A(5) of the Code of Judicial Conduct (failure to dispose promptly of the business of the court) and C.R.J.D. 5(a)(2) (willful or persistent failure to perform judicial duties), and therefore constituted grounds for judicial discipline under C.R.J.D. 5(a). The commission recommended that you receive a public reprimand for your misconduct. We agree with that recommendation.

I.

We summarize the facts, principally derived from the findings of fact, conclusions of law and recommendations of the commission. These facts were established by admissions in the pleadings or by clear and convincing evidence presented in proceedings before the commission.

Judge Jones, you were appointed a district judge of the Fifth Judicial District on March 1, 1977, and have served in that capacity continuously since that time. These disciplinary proceedings arose out of

the civil case of *Messinger v. Sunbird*, 79–CV–211, in Eagle County District Court. In that case, fourteen plaintiffs sought rescission of separate agreements whereby they were to receive from a defendant seller certain rights to use lodging units for particular periods of time each year. The plaintiffs alleged that the units made available to them were not as they had been represented by the seller and that the misrepresentations were so material as to entitle them to rescind the agreements and obtain return of their purchase money. You presided at the trial of the case without a jury on May 2, June 30 and July 1, 1983. The *Messinger* case was not complex, notwithstanding the number of plaintiffs, for the plaintiffs' evidence was common and repetitive as to the issue of liability. The defendant offered no evidence, and as reflected in the decision you ultimately entered, no determination of damages specific to each plaintiff was required. You took the case under advisement.

On February 3, 1984, counsel for the plaintiffs wrote to you to inquire as to when a decision might be expected, noting that many of the clients were elderly and all were "becoming extremely anxious for a resolution of this case." Counsel suggested that the court might wish to request briefs and proposed findings of facts and conclusions of law if that would assist the court. You responded on February 21, advising that you expected to "get to decision writing" in the case within the next two weeks and that if it should appear that there would be further delay you would notify counsel. When a decision had not been delivered by June 6, 1984, plaintiffs' counsel again wrote, offering the assistance of counsel for both parties in briefing should the court desire. You did not respond to this letter. On July 12, 1984, counsel for the plaintiff once more wrote to inquire when a decision might be expected and once more offered services of counsel to assist the court in reaching a resolution of the matter. You did not reply. On September 11, 1984, counsel for the plaintiff wrote yet another letter to inquire about the case. Almost a year later, hav-

ing received no response, counsel for the plaintiffs wrote to the commission requesting an investigation into your conduct in this matter. After the commission contacted you concerning this case, you issued your decision on October 22, 1985, granting the plaintiffs' request for rescission and restitution and awarding them certain incidental relief.

Formal proceedings were commenced in December 1985, charging that your conduct in this matter violated Canon 3 A(5) of the Colorado Code of Judicial Conduct and that you willfully or persistently failed to perform your duties, a violation of C.R.J.D. 5(a)(2). You admitted the essential facts but denied that your conduct violated the canon or the rule.

The commission found that the four letters sent to you by plaintiffs' counsel provided "overwhelming evidence" of your knowledge and continued awareness of your unreasonable delay in reaching a decision in the *Messinger* case. The commission also noted that it had issued a private reprimand to you on December 2, 1983, for a two-year delay in rendering a decision in another case and that in connection with the commission's preliminary investigation and in response to its request for information in that case, you furnished a list of eight cases under advisement, one of which was *Messinger*. You advised the commission that you had vacated trials in order to decide the pending cases and expressed your expectation that all would be completed by November 15, 1983. You did not issue your decision in *Messinger*, however, until October 22, 1985, after disciplinary proceedings had been initiated.

You presented several witnesses who testified to your habits of hard work and your good reputation in the district that you serve. The commission found, however, that these witnesses were not convincing with respect to their knowledge of your "dispatch in disposing of civil cases" except for one who suggested that "a single decision two years old could be seen as reasonable." The commission rejected this proposition "since [you] had previously

been notified by the Commission that [you were] not promptly dispensing the court's decisions," a reference to the prior private reprimand.

You defended against the charges by pointing out deficiencies in staffing, particularly the lack of a law clerk, but the commission found this evidence unpersuasive to explain the long delay in issuing the decision in the *Messinger* case. The commission also noted unfavorably that when your caseload was reduced by the addition of a third judge in the district in September 1984, you did not capitalize on the opportunity to complete the cases awaiting decision.

You filed exceptions to the findings, conclusions and recommendations of the commission, contending that the commission totally disregarded evidence establishing that you perform your duties "at a work level equal to or surpassing that of any other District Judge in the State of Colorado" and that the record does not support the findings, conclusions or recommendations. In order to evaluate your exceptions, we must first determine the standards to be applied in reviewing the commission's findings, conclusions and recommendations.

## II.

■ The commission's formal proceedings are to be conducted in accordance with the rules of civil procedure and in accordance with the rules of evidence applicable in civil proceedings. C.R.J.D. 27. The standard of proof in formal proceedings before the commission is clear and convincing evidence. C.R.J.D. 31. This court is to review the record of the proceedings before the commission "on the facts and the law." C.R.J.D. 40. We recently considered the standard of review to be applied in determining whether charges of attorney misconduct have been proved by clear and convincing evidence. *People v. Gibbons*, 685 P.2d 168, 172–73 (Colo.1984). We noted that judicial review of discipline in other professions is conducted under the Administrative Procedure Act, section 24–4–106,

10 C.R.S. (1982), and that under section 24–4–106(7), a court may not overturn an administrative agency's factual findings, when considered in light of the whole record, unless they are clearly erroneous or unsupported by substantial evidence. *People v. Gibbons*, 685 P.2d at 172–73. Perceiving no reason to utilize a different standard for lawyers, we adopted that same test for review in attorney disciplinary proceedings. We are persuaded that this standard also strikes the proper balance between the interests of the public and a judge who is subject to a judicial disciplinary proceeding. Accordingly, we hold that the factual findings of the commission must be upheld unless after considering the record as a whole, we conclude that they are clearly erroneous or unsupported by substantial evidence.

■ The court, of course, is not bound by the commission's conclusions of law. Moreover, C.R.J.D. 40 specifically provides that this court "may accept, modify, in whole or in part, remand for further action or disposition, or reject the recommendation of the commission." With these standards in mind we turn to a review of the commission's findings, conclusions and recommendations.

## III.

We have reviewed the record as a whole and conclude that the commission's findings are fully supported by substantial evidence, and are not clearly erroneous. The record does not support your argument that the commission disregarded material evidence.

■ The evidence is supportive of your contentions that you manage your docket of criminal cases efficiently, that you devote long hours to your duties, that the lack of authorization for a law clerk is detrimental to prompt disposition of cases taken under advisement, and that your caseload and the travel requirements in the district that you serve have been burdensome. The commission considered these contentions and found that, while they may

constitute mitigating circumstances, they do not excuse your conduct regarding the *Messinger* case. *See In Re Steinle*, 653 S.W.2d 201, 202 (Mo.1983). We agree with the commission that the inordinate delay in deciding the *Messinger* case cannot be justified or excused. Your previous discipline for delay in deciding a civil case, and the continual reminders by counsel that the *Messinger* case remained awaiting decision and involved the interests of a number of elderly clients, amply support the conclusion that issuance of the decision in this relatively uncomplex case two years and three months after it was first submitted for decision, and then only after disciplinary proceedings had been instituted, reflects failure to dispose promptly of the business of your court in violation of Canon 3 A(5) of the Code of Judicial Conduct. *Cf. In Re Weeks*, 658 P.2d 174, 177–78 (Ariz. 1983) (unnecessary and unwarranted delay in the rendering of a decision violates Canon 3 A(5)); *In Re Anderson*, 252 N.W.2d 592, 594 (Minn.1977) (repeated delays in several cases); *Judicial Qualifications Commission v. Cieminski*, 326 N.W.2d 883, 886 (N.D.1982) (same). We also are satisfied that the record supports the conclusion that you willfully or persistently failed to perform your judicial duties in violation of C.R.J.D. 5(a)(2). As the Supreme Court of California has noted, "[a] trial judge confronted with a workload which prevents him from deciding all cases promptly can at least minimize the impact of delay so far as possible, by assigning priorities which take into account the time necessary to decide, and the effect of delay upon the parties in, particular matters." *Mardikian v. Commission on Judicial Performance*, 709 P.2d 852, 858 (Cal.1985) (cases involved matters that were not complex and that particularly required prompt resolution).

The inexcusable delay demonstrated by the evidence in this case not only was detrimental to the interests of the litigants but tended to cast disrepute upon the entire judicial system. The gravity of your misconduct and your prior record for discipline for similar misconduct justify public discipline. Accordingly, we hereby reprimand you publicly for these violations of the Code of Judicial Conduct and the Colorado Rules of Judicial Discipline.