No. 62,829

In the Matter of the Inquiry Relating to Janice P. Long, District Judge.

(772 P.2d 814)

Opinion filed April 14, 1989.

Eldon L. Boisseau, of Turner and Boisseau, Chartered, of Wichita, argued the cause and was on the briefs for respondent.

Edward G. Collister, Jr., of Lawrence, argued the cause and was on the brief for petitioner, Commission on Judicial Qualifications.

Per Curiam: This is an original proceeding in discipline against the Honorable Janice P. Long, District Judge of Reno County. The Commission on Judicial Qualifications unanimously found that respondent, Judge Long, while acting as a judge violated Canon 2A, Canon 3A (5), and Canon 3B (1) of the Code of Judicial Conduct, Supreme Court Rule 601 (1988 Kan. Ct. R. Annot. 277), by failing to: (1) respect and comply with the law; (2) carry out her adjudicative responsibility of promptly disposing of the business of the court; and (3) diligently discharge her administrative responsibilities and maintain professional competence in judicial administration. In addition, the Commission found that she failed to comply with Supreme Court Rule 166 (1988 Kan. Ct. R. Annot. 103), which provides in part:

"All civil matters taken under advisement by a district judge shall be decided with dispatch. If, however, the matter is not decided within ninety (90) days after final submission, within five (5) days thereafter the judge shall file with the Judicial Administrator a written report setting forth the title and the number of the case, the nature of the matter taken under advisement, and the reasons why a judgment, ruling or decision has not been entered."

The Commission recommended that she be publicly censured. Judge Long filed exceptions to the findings and recommendations of the Commission.

Justice Six recused himself from serving in this case. The Hon. William M. Cook, district judge of the 29th Judicial District, was assigned to serve with the remaining members of the Supreme Court pursuant to Article 3, § 6(f) of the Kansas Constitution.

Public confidence in the judiciary is eroded by irresponsible and improper conduct by judges. To define the standard of conduct to be observed by all judges of this state, the Code of

Judicial Conduct and the supporting rules and commentary, as adopted by the House of Delegates of the American Bar Association, together with the notes of the State Bench-Bar Committee, were adopted as Rule 601 by this court. In a judicial disciplinary proceeding, the quantum of proof necessary to sustain the Commission's findings and conclusions is proof by clear and convincing evidence. *In re Rome*, 218 Kan. 198, 206, 542 P.2d 676 (1975).

Prior to her defeat in the general election in November of 1988, Judge Long's responsibilities included all juvenile cases, probate cases, and one-half of the limited action civil cases under Chapter 61 filed in Reno County. The Commission first recognized that Judge Long had a high caseload and that there were mitigating factors which contributed to her problems. The Commission noted that Judge Long was not sufficiently staffed in that she had no court reporter, administrative assistant, or secretary. The Commission determined that no district court judge should have to operate without adequate personnel. In addition, Judge Long's clerical help was not solely subject to her control and, at various times, the clerks not only failed to support Judge Long, but actually worked against her.

After weighing the mitigating factors, the Commission concluded that, in a substantial number of juvenile cases during 1985, 1986, and 1987, Judge Long had failed to set hearings within 30 days after the filing of petitions as required by K.S.A. 38-1625 and K.S.A. 38-1532. K.S.A. 38-1532 of the Code for Care of Children provides in part:

"Upon the filing of a petition under this code the court shall proceed by one of the following methods:

"(a) Issue summons stating the place and time at which the parties are required to appear and answer the allegations of the petition, which shall be within 30 days of the date the petition is filed, and deliver the summons with copies of the petition attached to the sheriff or a person specially appointed to serve it."

K.S.A. 38-1625 provides in part as follows:

"Upon the filing of a complaint under this code, the court shall proceed by one of the following methods:

"(a) The court may issue summons stating the place and time at which the respondent is required to appear and answer the offenses charged in the complaint, which shall be within 30 days of the date the complaint is filed, and deliver it with copies of the complaint attached to the sheriff or a person specially appointed to serve it."

Both statutes are mandatory and direct the "court" to proceed

with the issuance of summons so that those required to appear have the opportunity to do so within 30 days after a complaint is filed. Jack Ford, an investigator appointed to assist the Commission, testified that he had examined juvenile dockets from January to December 1987 to determine if the time mandates of K.S.A. 38-1625(a) and K.S.A. 38-1532 had been observed by the respondent. Ford found that in 13.9% of the child in need of care cases and in 38.39% of the juvenile offender cases the mandatory statutory requirements for issuance of summons were not met.

Judge Long contends (1) neither she nor the county attorney understood that the statutes required that the hearing be held within 30 days after the petition was filed, (2) there is no evidence that the delay in issuing the summons delayed the proceedings, (3) only the administrative judge has the authority to direct the functions of court personnel, and (4) it was not her statutory responsibility to issue the summons.

Prior to the complaint being filed against Judge Long, she was under the impression that the statute required that the summons be issued within 30 days after the petition was filed. In order to set the hearings during times she had not scheduled other matters, the judge adjusted the issuing of the summons. This procedure circumscribed the statutory requirements of K.S.A. 38-1625 and K.S.A. 38-1532.

Respondent attempts to shift blame to the administrative judge, claiming that she was never given sufficient or loyal staff to carry out her responsibilities. The Commission acknowledged the judge's problems with the staff, but found that she conformed to the statutory requirements after the problem was raised in the disciplinary inquiry.

K.S.A. 20-343 provides that court personnel have the powers, duties, and functions as are prescribed by law, rules of the court, or by the administrative judge. We acknowledge that it is not the duty of the respondent to actually prepare and mail the summons, but it was the responsibility of Judge Long to see that the mandatory provisions of the statute for setting the hearings were followed. The Commission's finding that respondent violated Canons 2A (compliance with the law), 3A (prompt disposal of court business), and 3B (diligent discharge of administrative responsibilities) of the Code of Judicial Conduct is supported by clear and convincing evidence.

The Commission also found clear and convincing evidence that eight limited civil cases involved "inordinate delay" and two probate cases involved "inexcusable delay." The Commission determined that Judge Long's failure to render a decision in these cases violated Canons 2A, 3A(5), and 3B(1). The delays in these cases were:

| Date Submitted | Date Decided | Case Caption/ Case Number | Delay | # of Days |
|---|---|---|---|---|
| 8/85 | 4/24/87 | In re Estate of Chen 81 P 201 | 20 months | 601 |
| 8/7/85 | 7/21/87 | Nicholson v. Kanast 85 L 436 | 24 months | 685 |
| 10/9/85 | 1/19/88 | D & D Service v. Lone Star Oil & Brooks 84 L 934 | 26 months | 832 |
| 11/5/85 | 11/19/87 | Baggett v. Bridgewater 84 L 1304 | 24 months | 744 |
| 1/26/86 | 9/8/88 | Heikes v. Ashcraft 85 L 1360 | 31 months | 956 |
| 3/10/86 | 11/19/87 | Gas Service v. Richardson 85 L 420 | 20 months | 619 |
| 4/28/86 | 5/18/87 | In re Estate of McCarroll 84 P 216 | 13 months | 386 |
| 6/16/86 | 1/8/88 | Charlie's Service & Repair v. Finney, et al. 84 L 1228 | 19 months | 771 |
| 9/17/86 | 1/20/88 | Kan-Ark Industries v. Sommers, 86 L 395 | 16 months | 490 |
| 5/1/87 | 1/21/88 | Ely's, Inc. v. Bill Palmer, 86 L 1396 | 8 months | 266 |

The Commission found that, although respondent was hampered in discharging her duties by the inadequacies and disloyalty of clerical help, the district administrative judge had, on three occasions during fiscal years 1986-87 and at respondent's request, made changes in her staff. The administrative judge had arranged to have magistrate judges take respondent's dockets in order that she have more time to write her decisions. This arrangement, however, proved unsuccessful when the respondent refused to allow the magistrates to hear juvenile cases, which comprised the greater portion of her docket. For more than a year, Judge Long was authorized to contract for secretarial help for use at her discretion, but this also failed to improve the decision-making process.

The Commission noted that respondent was so disorganized that she did not have a system to track the cases she had taken under advisement. The respondent indicated that, with a slow typist, it could take several weeks to complete a journal entry. Some of her cases, however, languished for years before she rendered a decision. Even after the respondent hired a better typist, the decision-making process did not significantly improve. The Commission determined that it was the respondent's actions and her failure to properly allocate time and resources that negated the efforts made to assist her, stating:

> "This gross delay in handing down a decision is wholly unacceptable and is inexcusable, as are the reasons advanced by Judge Long for the delays. Mindful as we are of Judge Long's caseload and her personnel problems, over which she had little control, still such delays as these simply cannot be tolerated."

In her defense respondent cites *McCartney v. Commission on Judicial Qualifications*, 12 Cal. 3d 512, 116 Cal. Rptr. 260, 526 P.2d 268 (1974). *McCartney* involved a recommendation by the California Commission on Judicial Qualifications that the respondent be removed from office for willful misconduct on the bench which included displays of uncontrolled temper and intemperate language. The Commission found that the judge's inefficiency resulted in a serious backlog of cases, but that this inefficiency occurred not from a dereliction of duty but rather from "an effort to attain a degree of diligence and studiousness in the application of the law." 12 Cal. 3d at 536. The California Supreme Court denied the Commission's recommendation for removal, and in its published censure of the judge, commented that a judge's inefficiency alone is not grounds for discipline.

Respondent claims that inefficiency is not grounds for discipline. Clearly, this is not what the Supreme Court of California intended in the *McCartney* case. Rather, the court found that any inefficiency existing in the procedures followed by the judge in that case resulted from "undue caution and excessive attention to detail in all matters."

Courts in other jurisdictions have censured or otherwise disciplined judges whose decision-making delays were either less extensive or as extensive as respondent's. See *e.g.*, *In re Weeks*, 134 Ariz. 521, 658 P.2d 174 (1983) (observing that delay in decision-making is a 3A[5] violation); *In re Jensen*, 24 Cal. 3d 72, 154 Cal. Rptr. 503, 593 P.2d 200 (1978) (violation of the 90-day

decision-making rule); *In re Jones*, 728 P.2d 311, 313 (Colo. 1986); *Matter of Steinle*, 653 S.W.2d 201, 202 (Mo. 1983); and *Matter of Kohn*, 568 S.W.2d 255, 260 (Mo. 1978). For violating reporting requirements of a court rule, the same results are found. *Matter of Carstensen*, 316 N.W.2d 889, 891 (Iowa 1982); *Matter of Anderson*, 252 N.W.2d 592, 593 (Minn. 1977) (violation of the 90-day decision-making rule).

Here, there is no evidence that the cause for Judge Long's delays in handing down opinions was "undue caution and excessive attention to detail in all matters." In addition, we do not adopt the respondent's argument that inefficiency alone cannot be grounds for discipling a judge, nor do we believe the extent of the delays in this case, ranging from a minimum of 266 days to a maximum of 956 days, suggests mere inefficiency. It is clear that there were significant, extensive, and unjustified delays by Judge Long. Respondent clearly violated Canons 2A, 3A(5), and 3B(1).

The respondent concedes that she did not specifically comply with Supreme Court Rule 166, which requires that a judge file a written report with the Judicial Administrator setting forth the reasons for delay in all cases taken under advisement for more than 90 days. Respondent rationalizes that her two telephone conversations with a member of the Judicial Administrator's staff and conversations with her departmental justice constitute sufficient compliance with the written report requirement of Rule 166. We disagree.

Canon 3A(5) of the Canons of Judicial Conduct specifically provides: "A judge should dispose promptly of the business of the court." Canon 3B(1) provides: "A judge should diligently discharge his administrative responsibilities." The Rules of this Court recognize that prompt disposition of a court's business is essential to the administration of justice and is due the citizens of this state. Rule 166 states that the time for disposition of cases is 90 days. The rule clearly requires a judge to file a report with the Judicial Administrator within five days if a civil matter is taken under advisement for more than 90 days. Judge Long admits she was aware of the requirements of Rule 166. Her failure to comply with those requirements was, therefore, clear and deliberate.

Judges must at all times respect and comply with the laws and rules governing their conduct and the operation of the court in a

manner which promotes public confidence in the integrity, impartiality, and administration of justice. Public confidence in the judiciary is eroded by a judge's improper or irresponsible conduct. We recognize that the trial judges of this state are dependent upon a number of different individuals to perform many of the services essential to the orderly operation of the courts. However, whatever the proficiency of the various members of the court staff, the judge is solely responsible for the proper operation of the court.

It is ordered that Janice Long be publicly censured by this court, and that she pay the cost of this proceeding.

SIX, J., not participating.