# In re District Judge Ronald F. Kilburn

[599 A.2d 1377]

No. 90-478

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed October 25, 1991

*M. Jerome Diamond* of *Diamond & Associates, P.C.*, Montpelier, for Appellant.

*Chester S. Ketcham*, Middlebury, for Appellee.

**Per Curiam.** Judge Ronald Kilburn appeals a Judicial Conduct Board conclusion that he failed to dispose promptly of the

business of the court, a violation of Canon 3A(5) of the Code of Judicial Conduct. Because the board limited its investigation to a single instance of delay, we remand for further proceedings.

The board based its conclusion on its investigation of a single complaint, brought by a litigant in a contested divorce, concerning an eight-month delay in rendering a final order. The divorce hearing was completed on March 24, 1988, and Judge Kilburn stated a decision would be forthcoming by May 1, 1988. Later he changed the date to May 31, 1988. That deadline passed without any action. Counsel for the parties attempted without success to contact Judge Kilburn over the summer and ultimately wrote to Judge Martin, Administrative Judge for Trial Courts, to complain about the delay. Judge Martin responded, promising that a decision would be issued by September 20, 1988. A copy of that letter was sent to Judge Kilburn. Again, no decision was issued. Finally, on November 29, 1988, Judge Martin removed Judge Kilburn from the bench, telling him he could not return until he issued the decision. On December 1, 1988, a notice of decision was issued.

Canon 3A(5) states that "A judge should dispose promptly of the business of the court." Appellant asserts this Canon has not been violated because: (1) failure to decide cases promptly should be handled by administrative correction rather than judicial discipline; (2) the board cannot find judicial misconduct based on a single instance of delay; and (3) the standard imposed by Canon 3A(5) is so vague that it would be fundamentally unfair and violate due process to find judicial misconduct in the absence of specific time standards for deciding cases.

Appellant's first argument is based on a recent decision of the New York Court of Appeals, *In re Greenfield*, 76 N.Y.2d 293, 557 N.E.2d 1177, 558 N.Y.S.2d 881 (1990). In *Greenfield*, a judge had failed to render a timely decision in eight matters, with delays ranging from seven months to over nine years. *Id.* at 296, 557 N.E.2d at 1178, 558 N.Y.S.2d at 882. Despite finding these delays "inexcusable," the court concluded that no violation of Canon 3A(5) had been shown:

> In our view a clearer line must be drawn between the role of the Commission and court administrators in order to

avoid confusion and provide adequate notice to members of the judiciary as to when and under what circumstances delays in disposing of pending matters ceases to be a purely administrative concern and becomes a matter warranting punitive sanctions. We have concluded that generally these matters can and should be resolved in the administrative setting and that the more severe sanctions available to the Commission should only be deemed appropriate and necessary when the Judge has defied administrative directives or has attempted to subvert the system by, for instance, falsifying, concealing or persistently refusing to file records indicating delays.

*Id.* at 298, 557 N.E.2d at 1179–80, 558 N.Y.S.2d at 883–84. We are unpersuaded by the *Greenfield* opinion. As the dissent in that case points out, the result is inconsistent with the plain language of the Canon:

The rule contains no such qualifying conditions and nothing should be added to it. To require delay plus some other misconduct, such as falsification of records or insubordination, is to proscribe the other conduct, not to proscribe delay.

*Id.* at 305, 557 N.E.2d at 1184, 558 N.Y.S.2d at 888 (Simons, J., dissenting). Other courts have found violations of Canon 3A(5), or similar disciplinary rules, on facts similar to those in *Greenfield*. See, e.g., *In re Jones*, 728 P.2d 311, 314 (Colo. 1986); *Starnes v. Judicial Retirement & Removal Comm'n*, 680 S.W.2d 922, 923 (Ky. 1984); *In re Weeks*, 134 Ariz. 521, 524, 658 P.2d 174, 177–78 (1983); see also *In re Sommerville*, 364 S.E.2d 20, 22–24 (W. Va. 1987) (collecting cases construing Canon 3A(5) and rejecting argument that disciplinary proceedings are not proper vehicle for controlling unreasonable judicial delays). The matter was appropriately before the Judicial Conduct Board.

Appellant next argues that the Canon is not violated by a single instance of excessive delay in rendering a decision. We agree with this argument in part. Unlike other forms of misconduct, Canon 3A(5) violations do not implicate a judge's personal honesty, see, e.g., Canon 5C(4) (improperly accepting a gift), or the judge's integrity or impartiality, see, e.g., Canon 3A(4) (engaging in ex parte communications). Where honesty or integ-

rity are at issue, a single action can result in a finding of judicial misconduct. See *In re Hill,* 152 Vt. 548, 572–75, 568 A.2d 361, 373–75 (1989); *In re Mandeville,* 144 Vt. 608, 609, 481 A.2d 1048, 1049 (1984).

Canon 3A(5), however, focuses on a different problem: a judge's administrative capacity, specifically, the ability to set priorities and complete tasks within an appropriate time. Canon 3A(5) was drafted in part in response to "reports about judges who procrastinated in deciding proceedings that were ripe for decision." E. Thode, Reporter's Notes to Code of Judicial Conduct 54 (1973). The drafters recognized that: "Failure of a judge to dispose promptly of the business of the court when there is no justifiable reason for delay reflects adversely on the entire judicial system." *Id.* at 54–55.

Heavy workloads in Vermont's trial courts mean that even the most diligent trial judge will occasionally take an excessive length of time to render a decision.* We do not believe such delays violate Canon 3A(5); they are the necessary consequences of human fallibility and overburdening of the judicial system. Where, however, there is no legitimate justification for delay or where there is a pattern of procrastination in decision-making, the system fails to provide justice and the court's institutional credibility is undermined.

■ We conclude that Canon 3A(5) is violated where there is a pattern of unreasonable delay or where a particular instance is so lacking in legitimate justification that it is willful. See *In re Long,* 244 Kan. 719, 724, 772 P.2d 814, 818 (1989) (Canon 3A(5) violated where delay is "significant, extensive, and unjustified"); *Sommerville,* 364 S.E.2d at 23 n.3 (sanctions appropriate under Canon 3A(5) where there is a pattern of delay resulting from either willful neglect of, or manifest inability to effectively perform, judicial duties); *In re Alvino,* 100 N.J. 92,

---

\* Judge Kilburn's defense against the delay charge was based in part upon his workload. From September 1987 and March 1988, he was assigned as a "floater" for the Addison district and superior courts, Franklin and Chittenden district courts, and Grand Isle district and superior courts, going from court to court as needed. He next was assigned to Lamoille district and superior courts for six months and then to Franklin district court for six months. He also contended that he had only limited law clerk assistance during the entire period.

97 n.2, 494 A.2d 1014, 1016 n.2 (1985) (delay can violate Canon 3A(5) if "willful" or "typical of the judge's work"); *Weeks*, 134 Ariz. at 524, 658 P.2d at 177–78 ("unnecessary, unwarranted delay" violates Canon 3A(5)); *Starnes*, 680 S.W.2d at 923 ("chronic and pervasive" delays violate the Canon).

■ Our resolution of the second argument also resolves the last one. The plain meaning of Canon 3A(5) is not vague; our interpretation is not unexpected. We cannot conclude that appellant, on reading Canon 3A(5), could have believed that a willful failure to dispose of the matters before him within a reasonable time, or a pattern of unreasonable delay, conformed to the requirements of the Code. Nor can we conclude that the creation of an administrative time standard for deciding cases is a prerequisite for finding a violation of Canon 3A(5). What is unreasonable in one case, e.g., a domestic abuse case, may be reasonable in another, e.g., a trial to court in a complicated contract case. Inevitably, the reasonableness of delay and the requirements of the Canon must depend on the circumstances of each case.

■ In this case, the board acted on a complaint alleging a single instance of delay. It would be difficult for a single complainant to show that a judge is habitually late or provide a context for a delay. Complaints about delay will most often come from interested persons—parties and their lawyers—who know what happened in their own cases but may not know or easily come to know the big picture. But, the board cannot place the delay in context if it limits its investigation solely to the facts of a single complaint. Once a complaint puts a judge's timeliness in issue, the board has an obligation to investigate beyond the single case.

Although the board can interpret the Code of Judicial Conduct "only in connection with specific acts of conduct in matters before [it]," the purpose of this rule is to prevent the board from issuing advisory opinions. Rules of Supreme Court for Disciplinary Control of Judges, Rule 6(5). Nothing restricts the scope of the board's investigation to the acts alleged in the complaint. Rather, the board has broad investigatory powers to explore the alleged misconduct. See *id.*, Rule 6(1)–(3). It must use these powers in appropriate cases.

■ Because the board failed to examine Judge Kilburn's actions in other cases or the reasons for the delay in this case, we remand for further proceedings. On remand, the board should look at the reasons for the delay in this case and Judge Kilburn's record of handling cases to determine whether the delay here was an isolated instance or part of a more pervasive problem. See *Jones*, 728 P.2d at 312 (faced with complaint alleging single incident of delay, judicial conduct commission requested information from judge about his other cases currently under advisement). Both the administrative judge for trial courts and the court administrator should cooperate with the board in these proceedings. The board should consolidate with this matter investigation of any other complaints against Judge Kilburn alleging unreasonable delay.

*The Judicial Conduct Board's finding of judicial misconduct is vacated and the matter is remanded for further proceedings consistent with this opinion.*