Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
December 7, 2020

**2020 CO 83**

**No. 19SA266,** *In the Matter of Ryan L. Kamada*—**Judicial Discipline**—**Sanctions.**

In this judicial disciplinary proceeding, the Supreme Court considers the recommendation of the Colorado Commission on Judicial Discipline ("Commission") that now-former District Court Judge Ryan L. Kamada be sanctioned by public censure for numerous violations of the Colorado Code of Judicial Conduct that occurred while he was serving as a judicial officer.

The Commission's recommendation concluded that then-Judge Kamada's conduct violated the following provisions of the Code: Canon 1, Rule 1.1(A) (requiring a judge to comply with the law), Rule 1.2 (requiring a judge to act in a manner that promotes public confidence in the judiciary), Rule 1.3 (prohibiting abuse of the prestige of judicial office); Canon 2, Rule 2.9 (prohibiting ex parte communications), Rule 2.10 (prohibiting judicial statements on pending cases); and Canon 3, Rule 3.5 (prohibiting the intentional disclosure of nonpublic judicial information).

The court concludes that the Commission properly found that then-Judge Kamada's actions violated numerous provisions of the Code of Judicial Conduct. Had Kamada not already resigned his position, removal from office would have been an appropriate sanction for his misconduct. Because he has resigned, the court agrees with the Commission's recommendation that Kamada should be publicly censured.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2020 CO 83

### Supreme Court Case No. 19SA266

*Original Proceeding in Discipline*

Colorado Commission on Judicial Discipline Case No. 19CJD121

### In the Matter of Ryan L. Kamada

### Order re: Recommendation of the Colorado Commission on Judicial Discipline and the Imposition of Sanctions

*en banc*

December 7, 2020

**Appearing for the Colorado Commission on Judicial Discipline:**

William J. Campbell, Executive Director

　　*Denver, Colorado*

**Attorney for Ryan L. Kamada:**

Michael L. Bender

　　*Denver, Colorado*

**PER CURIAM.**

¶1     In this judicial disciplinary proceeding, we consider the amended recommendation of the Colorado Commission on Judicial Discipline ("Commission") that now-former District Court Judge Ryan L. Kamada be sanctioned by public censure for violations of the Colorado Code of Judicial Conduct that occurred while he was serving as a judicial officer.

¶2     The Commission's amended recommendation was based on a stipulation and agreement between the Commission and Kamada, as well as records from the criminal proceedings in the U.S. District Court for the District of Colorado, *United States v. Kamada*, 1:20-cr-00174-WJM, and the Colorado attorney disciplinary proceeding, *People v. Ryan L. Kamada,* 20PDJ057.  The recommendation concludes that then-Judge Kamada's conduct violated the following provisions of the Code of Judicial Conduct: Canon 1, Rule 1.1(A) (requiring a judge to comply with the law), Rule 1.2 (requiring a judge to act in a manner that promotes public confidence in the judiciary), Rule 1.3 (prohibiting abuse of the prestige of judicial office); Canon 2, Rule 2.9 (prohibiting ex parte communications), Rule 2.10 (prohibiting judicial statements on pending cases); and Canon 3, Rule 3.5 (prohibiting the intentional disclosure of nonpublic judicial information).

¶3     Having now considered the full record, we conclude that the Commission properly found that then-Judge Kamada violated numerous provisions of the Code of Judicial Conduct.  Had Kamada not already resigned his position, removal

1

from office would have been an appropriate sanction for his misconduct. Because he has resigned, we agree with the Commission's recommendation that Kamada should be publicly censured.

## I. Facts and Procedural History

¶4 In June 2020, Kamada pled guilty in U.S. District Court to obstructing the proceedings of a federal agency in violation of 18 U.S.C. § 1505 (2018). His sentencing hearing is scheduled for February 17, 2021.

¶5 In August 2020, Kamada conditionally admitted to misconduct in his capacity as an attorney in a stipulation filed jointly with the Office of Attorney Regulation Counsel, and the Presiding Disciplinary Judge ordered his disbarment. The stipulation recited incidents in which Kamada, as an attorney serving as a district court magistrate (from 2015 until his appointment as a district court judge on January 8, 2019), violated the Colorado Rules of Professional Conduct, and subsequent incidents in which he, as a judge, violated the Code of Judicial Conduct.

¶6 The circumstances leading to his guilty plea in federal court and his disbarment included a pattern of disclosing nonpublic, confidential information to his friends while serving as a magistrate and later as a judge. For example, in January 2019, during his first month as a district court judge, he disclosed details of a divorce proceeding to his long-time friend, Geoffrey Chacon, and another

2

friend in a text message declaring that the wife would be "free game tomorrow night" and that the husband was keeping the family's Mercedes. In another matter, he sent his friends a photo of a father and child involved in a parenting dispute, commenting "check out the dad in my trial today." Further, on one occasion, Chacon asked then-Judge Kamada to get him information about a person being taken into custody by the FBI. Kamada responded to that request by searching Colorado court records and, when he could not locate the case, suggesting to Chacon that it was likely a federal matter.

¶7 In January 2019, Chacon texted Kamada that two drug dealers—one of whom was Alberto Loya, an individual Kamada had been familiar with in high school and through various community events—had been in an altercation. Chacon commented that the other dealer was "high on coke." Kamada replied that Loya needed to "grow up" if he wanted "to play big boy stuff." At the time, it was widely believed in the community that Loya had been distributing illegal drugs, including cocaine.

¶8 The incident that triggered the federal criminal prosecution, the attorney disciplinary proceedings, and the commencement of this judicial disciplinary proceeding involved a late-night request on April 23, 2019, for Kamada, as the on-call district court judge, to issue a search warrant. The request for the warrant was made by law enforcement officials in the Weld County Drug Task Force, which

3

included both federal agents and local law enforcement personnel. The task force was part of a federally controlled investigation of alleged drug trafficking by Loya. Kamada was not provided a copy of the warrant but was advised that the person named in the warrant was Loya. Because of their school and community connections, Kamada recused himself from issuing the warrant and referred the matter to another judge.

¶9 The morning after the request for the warrant was made, Kamada reached out to Chacon and told him to "stay away" from Loya. In prior conversations, he had warned Chacon—who had recently been appointed as principal of a public school—that associating with Loya could cause him problems. In his plea agreement, Kamada acknowledged that his disclosure to Chacon was "inappropriate and reckless" and that he "should have foreseen" that Chacon would alert Loya about the task force investigation. And, in fact, when the task force members searched Loya's home on May 15, 2019, they found no evidence related to Loya's suspected drug activities. However, subsequent investigations ultimately led to the arrest and guilty pleas of both Chacon and Loya.

¶10 Then-Judge Kamada self-reported this misconduct to the Commission on July 18, 2019, and voluntarily resigned from his position as a district court judge on August 21, 2019. The Commission's initial investigation resulted in a stipulation with Kamada for public censure of Kamada's judicial misconduct.

4

That stipulation focused only on Kamada's conduct in revealing sensitive nonpublic information about the task force investigation to Chacon, in violation of Canon 1, Rule 1.2, and Canon 3, Rule 3.5, of the Code of Judicial Conduct.

¶11 When the Commission submitted its initial recommendation for public censure to this court based on the stipulation, the facts and circumstances established in the federal case and in the proceedings before the Presiding Disciplinary Judge had not been disclosed by Kamada in his self-report and were unknown to the Commission. In light of this missing information, some of which was later publicly reported in the press, this court remanded the matter back to the Commission for completion of the record. After completing the record, the Commission again recommended public censure.

## II. Analysis

¶12 We begin by discussing our jurisdiction to consider this matter and the applicable standard of review. We then proceed to address the appropriate sanction for Kamada's conduct, concluding that public censure is appropriate in light of the fact that Kamada has already resigned his position.

### A. Jurisdiction and Standard of Review

¶13 Article VI, section 23(3), of the Colorado Constitution entrusts matters of judicial discipline to the Commission and, ultimately, to this court. Colo. Const. art. VI, § 23(3)(f); *see also* Colo. R.J.D. 40 (providing that the decision of the supreme

court, including such sanctions as may be ordered in a judicial disciplinary matter, shall be final). Under Colorado's rules governing judicial discipline, this court must consider the evidence and the law and reach an ultimate conclusion about appropriate sanctions, which may involve adopting a recommendation from the Commission. *See* Colo. R.J.D. 40. If the Commission recommends adoption of a stipulated resolution, "the Court shall order it to become effective and issue any sanction provided in the stipulated resolution, unless the Court determines that its terms do not comply with Rule 37(e) or are not supported by the record of proceedings." *Id.*

¶14 We will uphold the Commission's findings of fact unless, after considering the record as a whole, we conclude that they are clearly erroneous or unsupported by substantial evidence. *See In re Jones*, 728 P.2d 311, 313 (Colo. 1986). We review de novo the Commission's conclusions of law. *See id.*

## B. Public Censure Is an Appropriate Sanction

¶15 In his initial self-report and his original stipulation with the Commission, Kamada did not address the full extent of his violations of the Code of Judicial Conduct. The stipulation focused only on the single incident in which he disclosed nonpublic, confidential information to his friend regarding the search warrant and the task force investigation of Loya. Thus, the Commission, in its amended recommendation, appropriately looked beyond the stipulation to consider the

6

entire record, including the criminal and attorney regulation proceedings. We must do the same.

¶16     Upon our review of the entire record, we agree with the Commission's conclusion that Kamada violated numerous provisions of the Code of Judicial Conduct. In particular, when he warned Chacon to stay away from Loya, Kamada obstructed the proceedings of a U.S. agency, a violation of federal law. This conduct violated Canon 1, Rule 1.1, which requires a judge to comply with the law. Kamada's repeated disclosures of nonpublic judicial information and his interference with the federal investigation also violated the requirement that judges "act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary." Canon 1, Rule 1.2. When Kamada searched nonpublic judicial records at his friend Chacon's request, he violated the prohibition in Canon 1, Rule 1.3, against abusing the prestige of his judicial office. Kamada's warning to Chacon that he should stay away from Loya constituted a violation of Canon 2, Rule 2.9, prohibiting ex parte communications about pending matters, and Rule 2.10, prohibiting any nonpublic judicial statement that might substantially interfere with a fair trial. And, finally, Kamada's communications over text message reflect numerous violations of Canon 3, Rule 3.5, which prohibits judges from sharing nonpublic judicial information.

¶17 The Code of Judicial Conduct directs us, in fashioning an appropriate sanction, to consider factors such as "the seriousness of the transgression, the facts and circumstances that existed at the time of the transgression, the extent of any pattern of improper activity, whether there have been previous violations, and the effect of the improper activity upon the judicial system or others." Colo. C.J.C., Scope ¶ 6. Here, we acknowledge that prior to the matters now before us, Kamada had not been subject to any judicial or attorney disciplinary proceedings and that his violations in this case were not motivated by a desire for personal financial gain. Nonetheless, the violations in this case are very serious. Then-Judge Kamada's pattern of reckless disregard for confidential information undermined his office and the public's confidence in the judiciary. In fact, his behavior interfered with a multiagency law enforcement operation and resulted in a criminal conviction in federal court.

¶18 In light of these serious violations of the Code of Judicial Conduct, removal from office would be an appropriate sanction if Kamada was still serving as a district court judge. Because he resigned his office in August 2019, however, we conclude that the public censure recommended by the Commission is the appropriate sanction for Kamada's misconduct.

## III. Imposition of Sanctions

¶19    For the foregoing reasons, the Court hereby **PUBLICLY CENSURES** now-former Judge Ryan L. Kamada for his violations of Canon 1, Rule 1.1, Rule 1.2, and Rule 1.3; Canon 2, Rule 2.9 and Rule 2.10; and Canon 3, Rule 3.5, of the Colorado Code of Judicial Conduct.

**IT IS SO ORDERED.**