Charles E. TAYLOR, Plaintiff–Appellant,

v.

Charlene GOLDSMITH, a/k/a Charlene McIver, Defendant–Appellee.

No. 93CA0366.

Colorado Court of Appeals, Div. C.

Feb. 24, 1994.

§ 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Charles E. Taylor, pro se.

James R. Allison, Interim U.S. Atty., George E. Gill, Asst. U.S. Atty., Denver, for defendant-appellee.

Opinion by Judge KAPELKE.

This action arises from alleged defamatory statements made by defendant, Charlene Goldsmith. Plaintiff, Charles E. Taylor, appeals from the summary judgment dismissing his complaint as barred by the applicable statutes of limitation. We affirm.

Plaintiff filed his complaint in September 1991, alleging that defendant had made false and malicious statements about him to his employer in June and July of 1989. Plaintiff asserted that these statements eventually resulted in the termination of his employment in 1991. Plaintiff's claims for relief sought damages for slander, libel, intentional infliction of emotional distress, and outrageous conduct.

In her amended answer, defendant raised the pertinent one- and two-year statutes of limitation as affirmative defenses. Defendant later filed a motion for summary judgment asserting that plaintiff's claims were barred by the statutes of limitation.

Plaintiff filed an unverified response to the motion, asserting that defendant had repeated her defamatory allegations against him in 1991. He also asserted that he did not know the full impact of the damage resulting from the defamatory statements until 1991.

The trial court determined that plaintiff had alleged defamatory statements by defendant in June and July of 1989 and that the complaint was not filed until September 20, 1991. It further concluded that the libel and slander claims were governed by § 13–80–103(1)(a), C.R.S. (1987 Repl.Vol. 6A), which establishes a one-year limitation period.

In addition, the court determined that plaintiff's claims based upon alleged intentional infliction of emotional harm and outrageous conduct were governed by the two-year statute of limitations for tort actions, § 13–80–102(1)(a), C.R.S. (1987 Repl.Vol. 6A).

Finally, the trial court concluded that plaintiff's claims accrued in 1989 when defendant's statements were made and that the claims were therefore time-barred. Accordingly, the trial court entered summary judgment dismissing all of plaintiff's claims.

■ Plaintiff contends that the trial court erred in concluding that the applicable statutes of limitation began to run in 1989. We agree that the trial court's expressed reasoning was not entirely correct, but we nevertheless conclude that the judgment should be affirmed.

Relying on *Spears Free Clinic & Hospital for Poor Children v. Maier*, 128 Colo. 263, 261 P.2d 489 (1953), and *Even v. Longmont United Hospital Ass'n*, 629 P.2d 1100 (Colo. App.1981), the trial court determined that a claim based upon libel or slander accrues when the defamatory statement is published. We conclude, however, that the accrual rule stated in these decisions has been superseded by the General Assembly's enactment in 1986 of § 13–80–108(1), C.R.S. (1987 Repl. Vol. 6A). Thus, we do not view those decisions as binding precedent.

A claim for relief based upon injury to reputation is now considered to accrue on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence. Section 13–80–108(1).

Plaintiff acknowledges that defendant's allegedly defamatory accusations were reported to him by his supervisor and an investiga-

tor during June and July of 1989. However, plaintiff argues that his claims did not accrue until February 1991, when he was first notified of the proposal to terminate his employment and given a copy of the complete investigative report. We disagree.

There is no post–1986 Colorado appellate decision determining when a claim for injury to reputation arises. Accordingly, we are guided by recent appellate decisions applying § 13–80–108(1) to other types of injury.

◼ In cases involving personal injury, our supreme court has held that a plaintiff's claim for relief accrues on the date the fact of injury and its cause are known or should have been known. A plaintiff's uncertainty as to the full extent of the damage does not prevent the filing of a timely complaint. *See Jones v. Cox*, 828 P.2d 218 (Colo.1992); *Dove v. Delgado*, 808 P.2d 1270 (Colo.1991).

In *Mosher v. Lakewood*, 807 P.2d 1235 (Colo.App.1991), a division of this court held that, while receipt of an investigative report might have provided further information concerning plaintiff's claim, the claim itself had accrued under § 13–80–108(1) on the day the plaintiff suffered physical injuries and received medical treatment. A similar result was reached in *Reider v. Dawson*, 856 P.2d 31 (Colo.App.1992) (accident report).

Here, it was undisputed that during June and July of 1989, plaintiff was told on three occasions by his supervisor or an investigator that a woman named Goldsmith had made allegations of sexual impropriety against him. In light of his being so informed, we conclude that by the end of July 1989 plaintiff knew, or should have known by the exercise of reasonable diligence, of the injury to his reputation and the cause of that injury. Consequently, because the complaint was filed more than two years after plaintiff learned of the statements, the trial court properly dismissed plaintiff's claims for libel, slander, and outrageous conduct as barred by § 13–

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, § 5(3), and

80–102(1)(a) and § 13–80–103(1)(a), C.R.S. (1987 Repl.Vol. 6A). *See* § 13–80–108(1).

◼ Plaintiff also contends that the United States Department of Justice acted improperly in providing defendant with representation by an assistant United States attorney. We are unable to address this contention because the decision of the Department of Justice to provide legal counsel is not reviewable by this court. *See Falkowski v. Equal Employment Opportunity Commission*, 764 F.2d 907 (D.C.Cir.1985), *cert. denied*, 478 U.S. 1014, 106 S.Ct. 3319, 92 L.Ed.2d 727 (1986).

Judgment affirmed.

PIERCE and SMITH, JJ.,* concur.

◼

§ 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).