John Robert **BURKE**, Plaintiff–Appellant,

v.

Richard James **GREENE**, Defendant–Appellee.

No. 97CA0894.

Colorado Court of Appeals, Div. V.

June 11, 1998.

Law Offices of Worstell & Kiesnowski, David L. Worstell, Robert W. Kiesnowski, Jr., Denver, Colorado, for Plaintiff–Appellant.

Wayne J. Fowler, P.C., Wayne J. Fowler, McMichael, Sell & Agresti, LLP, David L. Sell, Denver, for Defendant–Appellee.

Opinion by Judge KAPELKE.

In this action for defamation and outrageous conduct, plaintiff, John Robert Burke, appeals from the trial court's dismissal of his claims against defendant, Richard James Greene. Plaintiff also challenges the trial court's imposition of sanctions against him pursuant to C.R.C.P. 11. We dismiss without prejudice the portion of the appeal concerning sanctions. As to the trial court's judgment of dismissal, we affirm in part, reverse in part, and remand with directions.

In his original complaint, filed on April 1, 1996, plaintiff asserted claims for defamation and outrageous conduct arising from: 1) statements contained in two 1994 facsimile transmissions that defendant sent to several business associates of the parties, and 2) written statements that defendant submitted to Aspen police in 1993, and which served as the basis of a 1996 newspaper article. The statements implied that plaintiff had engaged in criminal conduct.

Defendant filed a motion to dismiss, based in part on an assertion that plaintiff's claims were barred by the applicable statute of limitations.

On July 29, 1996, the trial court issued an order granting defendant's motion to dismiss. However, the trial court also allowed plaintiff 20 days from the date of the order to file an amended complaint and indicated that the dismissal would be with prejudice if plaintiff failed to file within that time. The court did not mail its order until August 9, 1996.

Based on the trial court's delay in mailing the order, plaintiff moved for an extension of time through August 28, 1996, in which to file an amended complaint. The trial court eventually granted the motion, but not until September 16, 1996, well after the requested date of extension. In the meantime, defendant's counsel had moved for an award of sanctions against plaintiff under C.R.C.P. 11 on the grounds that plaintiff was or should have been aware that his claims were time-barred.

On October 7, 1996, plaintiff filed an amended complaint alleging additional acts of defamation by defendant. At the same time, plaintiff filed a motion requesting clarification concerning the due date and timeliness of the amended complaint. Defendant moved to strike that motion and requested that the trial court implement its earlier order by dismissing the claims in the original complaint with prejudice.

The trial court later entered an order granting plaintiff leave to file an amended complaint by October 6, 1996. Defendant moved for reconsideration of that order.

On February 20, 1997, the trial court entered an order addressing defendant's motion to strike. In that order, in which the trial court expressed frustration with the quality of the motions submitted in the case, the court vacated its earlier orders extending the time for filing the amended complaint and granted defendant's motion to dismiss the original complaint with prejudice. In a separate order, the trial court, pursuant to C.R.C.P. 11, awarded defendant "reasonable attorney fees and costs" incurred in responding to the original complaint.

## I.

■ Plaintiff first contends that the trial court erred in dismissing the original complaint. We agree in part.

■ A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief. *Davidson v. Dill*, 180 Colo. 123, 503 P.2d 157 (1972).

■ In reviewing a motion to dismiss, we must accept as true all allegations of material fact contained in the complaint, see *Shapiro & Meinhold v. Zartman*, 823 P.2d 120 (Colo. 1992), and we must view such allegations in the light most favorable to the plaintiff. *Henderson v. Gunther*, 931 P.2d 1150 (Colo. 1997).

Initially, we note that plaintiff does not challenge on appeal the propriety of the trial court's dismissal as it relates to his claim of outrageous conduct. Accordingly, that portion of the trial court's order that dismissed the outrageous conduct claim is affirmed.

The primary basis for defendant's motion to dismiss was that plaintiff's defamation claims were time-barred.

A claim for defamation is barred unless it is asserted within one year after the cause of action accrues. Section 13–80–103(1)(a), C.R.S.1997. Such a claim accrues on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence. Section 13–80–108(1), C.R.S.1997; *Taylor v. Goldsmith*, 870 P.2d 1264 (Colo.App. 1994).

On appeal, plaintiff has conceded that his claims based upon the two 1994 facsimile transmissions are time-barred. Thus, the trial court's dismissal was proper to the extent that plaintiff's claim related to those publications.

The remaining claim for defamation in the original complaint was based upon defendant's written statements that were presented to the police in 1993 and later referred to and made the basis of the newspaper article that appeared on March 19, 1996. In his complaint, plaintiff alleged that he neither knew nor reasonably could have known of defendant's statements to the police until the 1996 newspaper article appeared. Because the court was required to accept this allega-

tion as true for purposes of the motion to dismiss, see *Shapiro & Meinhold v. Zartman, supra,* we conclude that the court erred in determining at that stage of the proceeding that this claim is barred by the statute of limitations.

■ Defendant also argues that plaintiff may not recover damages resulting from the newspaper's republication of the alleged defamatory statements to police because it was the newspaper and not defendant who published the statements. However, plaintiff could potentially recover if he could demonstrate that the newspaper's repetition of the statement was either expressly or impliedly authorized by defendant, or was a natural consequence of the defendant's original publication of the statements to the police. See *Patane v. Broadmoor Hotel, Inc.,* 708 P.2d 473 (Colo.App.1985). Accordingly, the court should not have dismissed the claim for damages allegedly resulting from the republication in the newspaper.

■ Finally, defendant contends that plaintiff has failed to state a claim for relief because any statements he made to the police were absolutely privileged. We reject this contention.

Colorado law recognizes a qualified privilege for communications by a party with a legitimate interest to persons having a corresponding interest and communications promoting legitimate individual, group, or public interests. See *Dominguez v. Babcock,* 727 P.2d 362 (Colo.1986); *Coopersmith v. Williams,* 171 Colo. 511, 468 P.2d 739 (1970).

■ Further, the general rule in the law of defamation is that statements made to law enforcement officers are entitled to only a qualified privilege and not one that is absolute. See*Fridovich v. Fridovich,* 598 So.2d 65 (Fla.1992); *Richmond v. Nodland,* 552 N.W.2d 586 (N.D.1996); *Schafroth v. Baker,* 276 Or. 39, 553 P.2d 1046 (1976); but see *General Electric Co. v. Sargent & Lundy,* 916 F.2d 1119 (6th Cir.1990) (construing Kentucky law as allowing absolute privilege); L. Eldredge, The Law of Defamation 89 (1978); B. Sanford, Libel and Privacy 10.5.3.4(1997 Supp.).

■ As the Florida Supreme Court pointed out in *Fridovich v. Fridovich, supra,* 598 So.2d at 69, a qualified privilege "is sufficiently protective of [those] wishing to report events concerning crime and balances society's interest in detecting and prosecuting crime with a defendant's interest not to be falsely accused." We agree with that analysis and with the conclusion that communications to law enforcement officers are only conditionally privileged.

Thus, plaintiff could still recover here if he could prove that defendant made the alleged statements with malice, i.e., with knowledge that they were false or with reckless disregard for whether they were true or false. See *Seible v. Denver Post Corp.,* 782 P.2d 805 (Colo.App.1989).

Accordingly, we conclude that the trial court erred in dismissing plaintiff's defamation claims that are based on defendant's statements to police in 1993 and on the later republication of portions of those statements in the 1996 newspaper article.

## II.

Plaintiff next contends that the trial court abused its discretion when it vacated a prior order extending plaintiff's deadline to file an amended complaint.

In view of the fact that the matter is being remanded for further proceedings, the court should, upon such remand, reconsider plaintiff's motion to file an amended complaint.

## III.

■ Finally, plaintiff also contends that the trial court abused its discretion in imposing sanctions against him. We dismiss this portion of the appeal.

In its February 19, 1997, order imposing sanctions against plaintiff, the court did not specify the amount of the sanction. Nor does the record contain any later order fixing such an amount. Thus, because we have not been presented with a final and appealable judgment as to sanctions, this portion of the appeal must be dismissed. See *Axtell v. Park School District R-3,* 962 P.2d 319 (Colo. App.1998).

The portion of the appeal challenging the imposition of sanctions under C.R.C.P. 11 is dismissed without prejudice. The judgment dismissing the original complaint with prejudice is affirmed as to the dismissal of plaintiff's claims for outrageous conduct and for defamation based upon the 1994 facsimile transmissions. The judgment is reversed as to the dismissal of plaintiff's remaining defamation claims, and the cause is remanded for further proceedings, including a reconsideration of plaintiff's motion to amend the complaint.

ROTHENBERG and STERNBERG*, JJ., concur.

---

\* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and 24–51–1105, C.R.S. 1997.