24CA0469 Hoid v CBS-4 News 03-06-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0469
City and County of Denver District Court No. 23CV576
Honorable J. Eric Elliff, Judge

---

Edward Hoid,

Plaintiff-Appellant,

v.

CBS-4 News and Wendy McMahon,

Defendants-Appellees.

---

JUDGMENT AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division II
Opinion by JUDGE HAWTHORNE*
Fox and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 6, 2025

---

Edward Hoid, Pro Se

Ballard Spahr LLP, Ashley I. Kissinger, Denver, Colorado; Ballard Spahr LLP, Kennison Lay, Phoenix, Arizona, for Defendants-Appellees

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1     Plaintiff, Edward Hoid, appeals the district court's judgment granting special motions to dismiss his complaints under Colorado's anti-SLAPP[1] statute, § 13-20-1101(3), C.R.S. 2024, filed in separate cases by defendants, CBS-4 News and Wendy McMahon (collectively, CBS) in Denver District Court Case No. 23CV576 and The Denver Post and Mac Tully (collectively, Denver Post) in Denver District Court Case No. 23CV577.  We affirm.

I.     Background

¶ 2     This case arises from news reports relating to an incident that occurred in Longmont on November 5, 2020.  A seventy-one-year-old man was knocked off his bicycle and robbed of his possessions; he died from his injuries several days later.

¶ 3     CBS posted an article online and aired twice a television segment stating that the police had identified Hoid as a person of interest in the assault and robbery and were looking for him.

¶ 4     Several days later, police arrested Hoid in connection with a shopping center disturbance.  CBS and Denver Post published news

---

[1] "SLAPP" stands for "strategic lawsuits against public participation."  *Creekside Endodontics, LLC v. Sullivan*, 2022 COA 145, ¶ 1 n.1.

articles reporting on Hoid's arrest. The articles noted that Hoid remained a person of interest in the bicyclist's death, and CBS stated specifically that Hoid had not been charged in that case.

¶ 5 After his arrest, Hoid was charged with and convicted of several crimes unrelated to the bicyclist's death. He is currently incarcerated, serving a seven-year sentence for identity theft. He has not been charged with any offense relating to the bicyclist's death.

¶ 6 Hoid filed the complaints at issue here against defendants, asserting defamation, false light publicity, and child endangerment claims. He alleged that defendants' published statements about him damaged his reputation and subjected him and his family to public scrutiny and brutality.

¶ 7 Defendants filed special motions to dismiss Hoid's complaints under Colorado's anti-SLAPP statute, § 13-20-1101(3). The district court granted both motions in one order, reasoning that the anti-SLAPP statute applied to defendants' reporting and that Hoid's claims were not viable.

¶ 8    Hoid appeals the district court's judgment dismissing his complaints against CBS and Denver Post.[2]

## II.    The Anti-SLAPP Statute

¶ 9    "Colorado's anti-SLAPP statute seeks to minimize the risk of nonmeritorious lawsuits being used to silence another based on their exercise of First Amendment rights." *Creekside Endodontics, LLC v. Sullivan*, 2022 COA 145, ¶ 21.  "It thus aims to balance the 'constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government' with the 'rights of persons to file meritorious lawsuits for demonstrable injury.'" *Id.* (citations omitted).

¶ 10    To that end, the anti-SLAPP statute allows a person, typically the defendant, "to file a special motion to dismiss '[a] cause of action against [the] person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States constitution or the state constitution in connection with a public issue.'" *L.S.S. v. S.A.P.*, 2022 COA 123, ¶ 18 (quoting

---

[2] Although Hoid filed two separate cases, his claims in the district court and arguments on appeal as to CBS and Denver Post are substantially identical, so we address both cases in one opinion.

3

§ 13-20-1101(3)(a)).  When a party has filed such a motion, the court "'consider[s] the pleadings and supporting and opposing affidavits' to determine whether 'the plaintiff has established that there is a reasonable likelihood that the plaintiff will prevail on the claim.'"  *Id.* (quoting § 13-20-1101(3)(a)-(b)).

A.     Standard of Review and Legal Standards

¶ 11     We review de novo a district court's ruling on a special motion to dismiss.  *Id.* at ¶ 19.

¶ 12     Divisions of this court have outlined a two-step process for considering a special motion to dismiss.  *See, e.g., id.* at ¶¶ 21-22.

¶ 13     First, "the court determines whether the defendant has made a threshold showing that the conduct underlying the plaintiff's claim falls within the scope of the anti-SLAPP statute."  *Id.* at ¶ 21.  Specifically, the defendant must show "that the claim arises from an act 'in furtherance of the [defendant's] right of petition or free speech . . . in connection with a public issue.'"  *Id.* (quoting § 13-20-1101(3)(a)).

¶ 14     If the plaintiff's claim falls within the anti-SLAPP statute's scope, the court then "turns to the second step, in which it reviews the pleadings and affidavits and determines whether the plaintiff

4

has established a 'reasonable likelihood [of] prevail[ing] on the claim.'" *Id.* at ¶ 22 (quoting § 13-20-1101(3)(a)-(b)).  This step is a summary judgment-like procedure in which the court reviews "the pleadings and the evidence to determine 'whether the plaintiff has stated a legally sufficient claim and made a prima facie factual showing sufficient to sustain a favorable judgment.'" *Id.* at ¶ 23 (citation omitted).  In doing so, "'[t]he court does not weigh evidence or resolve conflicting factual claims' but simply 'accepts the plaintiff's evidence as true, and evaluates the defendant's showing only to determine if it defeats the plaintiff's claim as a matter of law.'" *Id.* (citation omitted).  *But see Coomer v. Salem Media of Colo., Inc.*, 2025 COA 2, ¶ 117 (Tow, J., specially concurring) (courts should "engage in a preliminary, nonbinding weighing of the conflicting evidence," rather than accept the plaintiff's evidence as true); *Jogan Health, LLC v. Scripps Media, Inc.*, 2025 COA 4, ¶ 63 (Berger, J., specially concurring) (same).

## B.    Analysis

### 1.    First Step: Anti-SLAPP Statute Applies to Defendants' Acts

¶ 15    We agree with the district court's determination that defendants satisfied the first step of the anti-SLAPP analysis by

5

establishing that Hoid's claims arise from acts "in furtherance of [their] right of petition or free speech . . . in connection with a public issue." § 13-20-1101(3)(a).

¶ 16     The anti-SLAPP statute provides that an "'[a]ct in furtherance of a person's right of petition or free speech . . . in connection with a public issue' includes" four enumerated actions, one of which is "[a]ny written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest." § 13-20-1101(2)(a)(III).

¶ 17     Because they regularly face defamation litigation, newspapers and publishers are "prime beneficiaries" of the anti-SLAPP statute. *Paterno v. Superior Ct.*, 78 Cal. Rptr. 3d 244, 254 (Ct. App. 2008) (citation omitted).[3] "Reporting the news is speech subject to the protections of the First Amendment and subject to a motion

---

[3] Because Colorado's anti-SLAPP statute closely resembles California's anti-SLAPP statute, California case law offers guidance for considering standards under the statute. *See L.S.S. v. S.A.P.*, 2022 COA 123, ¶ 20 ("[B]ecause Colorado's anti-SLAPP law is relatively new and untested, and given that it tracks California's statute almost exactly, it is appropriate to draw from the more well-established body of authority interpreting the California law." (quoting *Stevens v. Mulay*, Civ. A. No. 19-cv-01675-REB-KLM, 2021 WL 1153059, at *2 n.7 (D. Colo. Mar. 26, 2021) (unpublished order))); *see also* Cal. Civ. Proc. Code § 425.16 (West 2025).

brought under [the anti-SLAPP statute] if the report concerns a public issue or an issue of public interest." *Lieberman v. KCOP Television, Inc.*, 1 Cal. Rptr. 3d 536, 541 (Ct. App. 2003).

¶ 18 The commission of a crime and the proceedings that follow are "without question events of legitimate concern to the public." *Bowers v. Loveland Publ'g Co.*, 773 P.2d 595, 596 (Colo. App. 1988). So news items that address police reports and criminal activity serve important public interests and merit protection. *See id.*; *Lieberman*, 1 Cal. Rptr. 3d at 541.

¶ 19 Also, the public interest is served by identifying individuals suspected of having committed a criminal offense. *See Briscoe v. Reader's Digest Ass'n*, 483 P.2d 34, 39 (Cal. 1971), *overruled in part by Gates v. Discovery Commc'ns, Inc.*, 101 P.3d 552 (Cal. 2004). Doing so may notify others that the person is suspected of having committed a crime and may "persuade eye witnesses and character witnesses to testify." *Id.* So "while the suspect . . . obviously does not consent to public exposure, his right to privacy must give way to the overriding social interest." *Id.*

¶ 20 Defendants' publications in question here reported on issues of public concern. Each publication covered local crime reports and

7

related police investigations. The publications stated that the police had identified Hoid as a "person of interest" in the bicyclist's assault. In one article, CBS stated that investigators indicated Hoid should be considered dangerous and provided a number to contact for anyone having information. And in another article, CBS noted that, while Hoid was wanted as a person of interest, he had not been charged in the bicyclist's death.

¶ 21    Because these publications covered issues of public concern — namely, current, local criminal activity and Hoid's identity as a person of interest to the police — the publications fall squarely within the anti-SLAPP statute's scope. *See* § 13-20-1101(2)(a)(III); *Lieberman*, 1 Cal. Rptr. 3d at 541.

2.    Second Step: Hoid Did Not Demonstrate a Reasonable Likelihood of Prevailing Against Defendants

### a.  Hoid's Defamation Claims Fail

¶ 22     Hoid asserted defamation claims against both CBS and Denver Post,[4] alleging that they had falsely accused him of murdering the bicyclist.  But he could not demonstrate a reasonable likelihood of prevailing on these claims because the statute of limitations had expired before he filed his complaints.

¶ 23     In Colorado, defamation claims must be brought within one year after the cause of action accrues.  *Burke v. Greene*, 963 P.2d 1119, 1121 (Colo. App. 1998); *see also* § 13-80-103(1)(a), C.R.S. 2024.  Such claims accrue "on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence."  *Burke*, 963 P.2d at 1121.  When a statement is published and then continuously circulated, the date on which the statement was first published is the date of accrual for statute

---

[4] While Hoid filed a response to CBS's motion, arguing that he had a likelihood of prevailing on his claims against it, he did not file a similar response to Denver Post's motion.  Nevertheless, to assure full review of Hoid's claims, we construe his "Notice of Related Cases and Notice of Declarations," filed after Denver Post's special motion to dismiss, as responses to that motion.  *See Jones v. Williams*, 2019 CO 61, ¶ 5 ("Pleadings by pro se litigants must be broadly construed to ensure that they are not denied review of important issues because of their inability to articulate their argument like a lawyer.").

of limitations purposes. *See Corporon v. Safeway Stores, Inc.*, 708 P.2d 1385, 1390 (Colo. App. 1985); *see also Bloom v. Goodyear Tire & Rubber Co.*, No. 05-cv-01317-LTB-MJW, 2006 WL 2331135, at *6-7 (D. Colo. Aug. 10, 2006) (unpublished order) (statements posted on the internet are subject to the single publication rule and, "like the publication of a book, the initial posting of material on a web site constitutes a discrete act of publication").

¶ 24 CBS published its first online article and television broadcast regarding Hoid on November 21, 2020. On November 27, 2020, CBS published a follow-up report online. And Denver Post published its article on November 28, 2020. Although the publications remained continuously available, these initial publication dates constitute the accrual dates for any potential defamation claims. *See Corporon*, 708 P.2d at 1390. So the statute of limitations for defamation claims relating to the publications expired on November 21, 2021, November 27, 2021, and November 28, 2021, respectively. *See Burke*, 963 P.2d at 1121. Hoid filed both his complaints on September 15, 2023, nearly two years too late.

¶ 25    Hoid argued before the district court that, even though he filed his complaints late, the statute of limitations should have been equitably tolled.  He asserted that equitable tolling was necessary because defendants fraudulently concealed additional publications and "extraordinary circumstances" — namely, his placement in restrictive custody and COVID-19 closures — prevented him from learning of the publications and timely filing his complaints.

¶ 26    A court may consider equitably tolling the applicable statute of limitations if the record shows that the plaintiff "did not timely file their claims because of 'extraordinary circumstances' or because [the] defendants' wrongful conduct prevented them from doing so." *Morrison v. Goff*, 91 P.3d 1050, 1053 (Colo. 2004) (quoting *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1096-97 (Colo. 1996)).  "The reasoning underlying these . . . cases is that it is unfair to penalize the plaintiff for circumstances outside [their] control, so long as the plaintiff makes good faith efforts to pursue the claims when possible." *Brodeur v. Am. Home Assurance Co.*, 169 P.3d 139, 149 (Colo. 2007).

¶ 27    Fraudulent concealment has been recognized as a basis for tolling statutes of limitation.  *First Interstate Bank of Fort Collins,*

11

*N.A. v. Piper Aircraft Corp.*, 744 P.2d 1197, 1200 (Colo. 1987). The plaintiff must prove the following elements of fraudulent concealment:

> (1) the concealment of a material existing fact that in equity and good conscience should be disclosed; (2) knowledge on the part of the party against whom the claim is asserted that such a fact is being concealed; (3) ignorance of that fact on the part of the one from whom the fact is concealed; (4) the intention that the concealment be acted upon; and (5) action on the concealment resulting in damages.

*Id.*

¶ 28    Hoid broadly alleged that defendants and their attorneys lied and concealed publications, but to the extent we can discern the portions of the record on which he relies, those portions do not support his argument. Nor did he show any other wrongdoing by defendants that would mandate equitable tolling. Thus, Hoid did not meet his burden of establishing the elements of fraudulent concealment by defendants.

¶ 29    And Hoid did not raise on appeal his "extraordinary circumstances" argument related to his incarceration and COVID-19 restrictions. So we deem it abandoned. *Armed Forces Bank, N.A. v. Hicks*, 2014 COA 74, ¶ 38 (arguments raised in the trial

12

court and not pursued on appeal are deemed abandoned) (citing *People v. Dash*, 104 P.3d 286, 293 (Colo. App. 2004)).

¶ 30    Finally, other than claiming that "were [he] able to, [he] would have" filed a lawsuit, Hoid failed to demonstrate any good faith efforts he made to file his complaints within the statute of limitations. *See Brodeur*, 169 P.3d at 149 (the plaintiff must make good faith efforts to file the suit on time).

¶ 31    Because Hoid failed to file his defamation claims within the one-year statute of limitations period and did not demonstrate circumstances warranting equitable tolling, he did not establish a reasonable likelihood of prevailing on his defamation claims against defendants. *See L.S.S.*, ¶ 22.

b.    Hoid's False Light Publicity and Child Endangerment Claims Fail

¶ 32    Hoid asserted false light publicity claims against defendants based on the same publications on which his defamation claims were based. Colorado law does not recognize or permit a plaintiff to sue for the tort of false light invasion of privacy: a cause of action arising from publicity unreasonably placing another person in a false light before the public. *Denver Publ'g Co. v. Bueno*, 54 P.3d

13

893, 904 (Colo. 2002) ("We believe false light is too amorphous a tort for Colorado, and it risks inflicting an unacceptable chill on those in the media seeking to avoid liability.").

¶ 33    Hoid also asserted child endangerment claims, alleging that defendants' reporting put his children in danger by fueling public outrage and disclosing his address.  Child endangerment is not a recognized tort with a private right of action in Colorado.  Unreasonably placing a child in a situation that poses a threat of injury to the child's life or health constitutes child abuse, a criminal offense that Hoid, as a private citizen, does not have standing to enforce.  *See* § 18-6-401(1)(a), C.R.S. 2024; *Kailey v. Chambers*, 261 P.3d 792, 798 (Colo. App. 2011) (private citizens lack standing to enforce criminal statutes).

¶ 34    We conclude that Hoid did not show a reasonable likelihood of prevailing on these claims.  And because Hoid would not have been able to prevail on any of his claims, the district court did not err in granting defendants' special motions to dismiss.

III.    Hoid's Judicial Misconduct and Perjury Claims Fail

¶ 35    Hoid contends that the district court engaged in judicial misconduct by repeating defendants' allegedly defamatory

14

statements in its order and demonstrating bias in defendants' favor. Because matters of judicial discipline are beyond this court's purview, we decline to review this claim. *See In re Kamada*, 2020 CO 83, ¶ 13 (the Colorado Constitution entrusts such matters to the Colorado Commission on Judicial Discipline and, ultimately, to the supreme court); *see also Merrick v. Burns, Wall, Smith & Mueller, P.C.*, 43 P.3d 712, 714 (Colo. App. 2001) ("[J]udges are immune from civil liability for their judicial acts," and "[t]his absolute immunity applies to actions in a legal proceeding no matter how erroneous, how injurious the consequences, or how malicious the motive.").

¶ 36    Hoid also contends that defendants and their legal representatives committed perjury by concealing additional reporting about him. But to the extent we can discern the portions of the record on which Hoid relies, those portions do not support his argument. We therefore decline to consider it. *See McCall v. Meyers*, 94 P.3d 1271, 1274 (Colo. App. 2004) (statements in the briefs that are not substantiated in the record cannot be considered).

## IV.   Attorney Fees

¶ 37    Section 13-20-1101(4)(a) provides that "a prevailing defendant on a special motion to dismiss is entitled to recover the defendant's attorney fees and costs."  Because we conclude that Hoid did not have, as a matter of law, a reasonable likelihood of prevailing on his claims, CBS and Denver Post are the prevailing parties and are entitled to recover attorney fees and costs, including those incurred on appeal.  *See Creekside Endodontics*, ¶ 54; *Coomer v. Donald J. Trump for President, Inc.*, 2024 COA 35, ¶ 220 (anti-SLAPP statute permits recovery of appellate attorney fees for prevailing defendant).

¶ 38    We grant both CBS's and Denver Post's requests and remand the case to the district court to calculate and award defendants' attorney fees and costs.  *See* C.A.R. 39.1; *Rosenblum v. Budd*, 2023 COA 72, ¶ 64.

## V.   Disposition

¶ 39    We affirm the district court's judgment granting CBS's and Denver Post's special motions to dismiss in Case Nos. 23CV576 and 23CV577, and we remand to the district court to determine and award CBS and Denver Post attorney fees and costs, including those incurred in this appeal.

JUDGE FOX and JUDGE LUM concur.