24CA1229 Hoid v Fox 31 05-15-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1229
City and County of Denver District Court No. 23CV558
Honorable Mark T. Bailey, Judge

Edward Hoid,

Plaintiff-Appellant,

v.

FOX-31 News and Byron Grandy, General Manager,

Defendants-Appellees.

JUDGMENT AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE JOHNSON
Lipinsky and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 15, 2025

Edward Hoid, Pro Se

Ballard Spahr, LLP, Ashley I. Kissinger, Denver, Colorado; Ballard Spahr, LLP,
Kennison Lay, Phoenix, Arizona, for Defendants-Appellees

¶ 1    Plaintiff, Edward Herbert Hoid (Hoid), appeals the district court's judgment dismissing his lawsuit against defendant, FOX-31 News (FOX-31).  On appeal, Hoid contends that (1) his defamation and defamation-related claims are not barred by the statute of limitations because they did not accrue until a later date than the one identified by the court or the limitation period should be extended through equitable tolling; (2) the district court erred by applying Colorado's anti-SLAPP statute, section 13-20-1101, C.R.S. 2024, to his lawsuit;[1] and (3) the district court committed judicial misconduct by aiding FOX-31's concealment of its defamatory publications.

¶ 2    Even if the anti-SLAPP statute did not apply to Hoid's lawsuit, his claims fail as a matter of law because they are time barred.  But because we agree with the district court that the anti-SLAPP statute applies, and we agree that the court properly granted FOX-31's special motion to dismiss, we remand the case to the district court

---

[1] SLAPP stands for "strategic lawsuits against public participation." *Creekside Endodontics, LLC v. Sullivan*, 2022 COA 145, ¶ 1 n.1.

to determine and award FOX-31 its reasonable attorney fees and costs, including those incurred on appeal.[2]

## I.  Background

¶ 3     On November 5, 2020, a seventy-one-year-old man (the victim) was found on a biking trail in Longmont suffering from injuries that later led to his death.  The Longmont Public Safety Department (the police) investigated and discovered that the victim had been knocked off his bicycle and robbed of his phone, wallet, credit cards, and bicycle.

¶ 4     The police issued press releases from November 21, 2020, to November 27, 2020, notifying the public concerning its investigation.  Based on the press releases, FOX-31, a Denver television station, published three articles and one report (collectively, the news articles) on its website updating the public regarding the investigation.  The news articles identified Hoid as a person of interest "possibly connected to" the victim's death, but at

---

[2] Hoid named Bryon Grandy (Grandy), the general manager for FOX-31, as a codefendant.  Although Hoid asserts no allegations against Grandy in this appeal, our affirmance of the district court's order also applies to him.

no time did they implicitly or explicitly state that Hoid had been charged in the victim's death.

¶ 5    On November 27, 2020, the police arrested Hoid and charged him with various criminal offenses, including identity theft for allegedly using the victim's credit card. Hoid was not criminally charged in connection with the victim's death. Hoid pled guilty to several criminal offenses and was sentenced to seven years in the custody of the Department of Corrections.[3]

¶ 6    On September 8, 2023, Hoid filed this lawsuit against FOX-31, asserting that FOX-31's statements in the news articles created public scrutiny that harmed his reputation and placed his family in danger. He asserted claims of defamation, child endangerment/abuse, public endangerment, false light, and discrimination.

---

[3] Following Hoid's conviction, he filed a motion for postconviction relief under Crim. P. 35. We take judicial notice of Hoid's appeal in which a division of this court affirmed the postconviction court's summary denial of Hoid's request for relief. *See People v. Hoid*, (Colo. App. No. 23CA1976, Dec. 19, 2024) (not published pursuant to C.A.R. 35(e)); *see also People v. Sa'ra*, 117 P.3d 51, 56 (Colo. App. 2004) ("A court may take judicial notice of the contents of court records in a related proceeding.").

¶ 7     FOX-31 filed a special motion to dismiss, arguing that Hoid's defamation claim was subject to the anti-SLAPP statute, as were his other claims because they related to the defamation claim. FOX-31 contended that Hoid's defamation claim failed because he could not prove that FOX-31 acted with actual malice when it made the statements, or alternatively, Hoid's claim was barred by the statute of limitations. At a hearing on FOX-31's motion, Hoid alleged that the news station had not disclosed all its broadcast stories about him. FOX-31 submitted to the court a copy of another television broadcast.

¶ 8     The district court granted FOX-31's special motion to dismiss, entering a written order that found (1) Hoid's defamation and defamation-related claims were barred by the applicable one-year statute of limitations, and (2) Hoid was not likely to succeed on the merits of his claims because he could not prove that FOX-31 acted with actual malice when it published the statements.

## II.     Statute of Limitations

¶ 9     We conclude, as did the district court, that Hoid's claims all stem from or are derivative of his defamation claim.

## A. Standard of Review and Applicable Law

¶ 10    We review de novo when a claim accrues under a statute of limitations. *Rider v. State Farm Mut. Auto. Ins. Co.*, 205 P.3d 519, 521 (Colo. App. 2009). But whether the statute of limitations bars a particular claim because a court finds certain circumstances is generally a question of fact. *Sulca v. Allstate Ins. Co.*, 77 P.3d 897, 899 (Colo. App. 2003).

¶ 11    In Colorado, defamation claims are subject to a one-year statute of limitations. *See* § 13-80-103(1)(a), C.R.S. 2024 (the one-year period applies for "[t]he following tort actions: Assault, battery, false imprisonment, false arrest, libel, and slander"). A defamation claim "accrues on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." *Burke v. Greene*, 963 P.2d 1119, 1121 (Colo. App. 1998); *Taylor v. Goldsmith*, 870 P.2d 1264, 1266 (Colo. App. 1994).

## B. Accrual Date

¶ 12    The district court determined that Hoid's defamation claim accrued in November 2020 and, thus, his lawsuit was filed outside the one-year limitation period found in section 13-80-103(1)(a). It reasoned that Hoid knew, or should have known through

reasonable diligence, about FOX-31's statements, based on allegations he asserted in the federal case he filed in March 2023 against FOX-31, captioned *Hoid v. FOX-31 News*, No. 23-cv-00670 (D. Colo. [dismissed] Aug. 2023) (the federal case). We agree with the court's analysis.

¶ 13     As noted by the district court, Hoid brought substantially similar claims in the federal case as he brought in the state lawsuit. He claimed in the federal case, as he does in this case, that he did not know about FOX-31's statements until the prosecutor in his criminal case provided him with discovery in August 2022. The federal magistrate judge rejected this argument, reasoning that, even if Hoid had not seen the November 2020 news articles until August 2022, he alleged in his federal complaint that his "'injury was immediate and severe' because [FOX-31's] broadcasts and publications triggered a sudden and violent reaction from the community and law enforcement that forced him to 'bring [him]self into Longmont Police custody in November 2020.'" The federal court also relied on information from a December 2020 hearing at which the parole board revoked Hoid's parole, even though Hoid said he was "falsely accused of murder," leading to his incarceration

6

for eighteen months.[4]  Thus, like the federal court, the district court in this lawsuit found that Hoid's defamation claim began to accrue in November 2020.[5]

¶ 14     While Hoid's opening brief in this appeal includes screenshot images of messages from alleged "vigilantes" that caused him and his family harm, he does not provide the dates on which these messages were received.  He argues that he provided the screenshots to law enforcement.  Regardless, the screenshots are

---

[4] The district court in the federal case adopted the magistrate judge's recommendation and dismissed Hoid's federal lawsuit.  *See Sa'ra*, 117 P.3d at 56 (we may take judicial notice of related court proceedings).

[5] FOX-31 did not argue that we should apply issue or claim preclusion to the federal court's statute of limitations analysis and determination, even though Colorado state courts have given preclusive effect to issues decided in federal cases.  *See, e.g.*, *Kaiser v. Bowlen*, 200 P.3d 1098, 1103 (Colo. App. 2008); *see also* 50 C.J.S. *Judgments* § 1311, Westlaw (database updated Dec. 2024) ("[A] judgment or decree duly rendered by a federal court of competent jurisdiction is binding and conclusive on the parties in all subsequent litigation between them in the state courts and is not subject to review or reexamination on the merits.").  We suspect this might be because FOX-31 sought a merits determination under the anti-SLAPP statute.  Regardless, because FOX-31 did not argue issue preclusion, we review the district court's ruling on the merits. *See Galvan v. People*, 2020 CO 82, ¶ 45 ("Under our adversarial system of justice, we adhere to the party presentation principle, which relies on the parties to frame the issues to be decided and assigns to courts the role of neutral arbiters of the matters raised.").

irrelevant to the analysis of whether Hoid knew or should have known of FOX-31's publications before August 2022 because readers' online comments to the news articles presumably responded to the public being informed that he was a person of interest in the criminal conduct regarding the victim. Therefore, we conclude that the district court properly determined that Hoid's defamation claim accrued in November 2020, the timeframe of FOX-31's last known publications concerning the police investigation involving Hoid.

### C. Equitable Tolling

¶ 15    Despite the November 2020 accrual date, Hoid contends that the statute of limitations should be tolled because (1) he and his family suffered ongoing harm caused by the news articles; (2) FOX-31 engaged in wrongful misconduct by concealing information from him; and (3) he proved extraordinary circumstances, including his incarceration, the COVID-19 pandemic, and his lawyers' withdrawal, which kept him "uninformed" about his cases.

¶ 16    Courts may toll the statute of limitations in situations where, despite diligent efforts, a plaintiff is unable to bring a case due to the defendant's wrongful impediment or other "truly extraordinary

circumstances." *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1099 (Colo. 1996). Colorado recognizes the doctrine of equitable tolling, which courts have applied in limited circumstances, such as when a defendant actively prevents a plaintiff from discovering the cause of action. *See Brodeur v. Am. Home Assurance Co.*, 169 P.3d 139, 149-50 (Colo. 2007); *see also First Interstate Bank of Fort Collins, N.A. v. Piper Aircraft Corp.*, 744 P.2d 1197, 1202 (Colo. 1987) (holding that the defendant's fraudulent concealment equitably tolled the statute of limitations). "[A] party who contends that the statute of limitations should be tolled has the burden to establish a basis for such tolling." *SMLL, L.L.C. v. Peak Nat'l Bank*, 111 P.3d 563, 565 (Colo. App. 2005).

¶ 17 For three reasons, we conclude that equitable tolling does not apply here.

¶ 18 First, the statute of limitations was not tolled based on Hoid's or his family's continuing harm absent new defamatory statements. Although each publication of a defamatory statement constitutes a separate cause of action that would begin a new statute of limitations period, *Lokhova v. Halper*, 441 F. Supp. 3d 238, 253-55 (E.D. Va. 2020), *aff'd*, 995 F.3d 134 (4th Cir. 2021), Hoid did not

9

provide evidence that FOX-31 wrote or broadcast any stories involving Hoid and the police investigation after November 27, 2020. And even though some of the news articles may still be accessible on FOX-31's website, the "single publication rule" — which applies to internet publications — provides that the statute of limitations begins to run on the date of the first publication and is not restarted every time a new copy of the same story is made available. *See Oja v. U.S. Army Corps of Eng'rs*, 440 F.3d 1122, 1130-32 (9th Cir. 2006); *see also Van Buskirk v. N.Y. Times Co.*, 325 F.3d 87, 89 (2d Cir. 2003); *Bloom v. Goodyear Tire & Rubber Co.*, Civ. A. No. 05-cv-01317, 2006 WL 2331135, at *6-7 (D. Colo. Aug. 10, 2006) (unpublished order).

¶ 19 Second, FOX-31 did not prevent Hoid from timely filing his lawsuit. FOX-31 did not "conceal" documents or videos from Hoid; he provided no evidence that FOX-31 broadcast stories about him in other states; and the fact that the news articles and the hyperlinks to them were publicly accessible (at least at the time of the anti-SLAPP hearing) belies Hoid's contention that FOX-31 acted with deceit or took action to prevent him from discovering the news stories.

10

¶ 20     Third and finally, Hoid failed to prove extraordinary circumstances.  Courts have held that a person's imprisonment is insufficient to justify equitable tolling.  *See, e.g., Sandoval v. Jones*, 447 F. App'x 1, 4 (10th Cir. 2011) (finding a vague reference to a prison lockdown insufficient to warrant equitable tolling); *Coviello v. Berkley Publ'g Grp.*, Civ. No. 15-CV-01812, 2017 WL 891323, at *11-13 (M.D. Pa. Jan. 19, 2017) (unpublished recommendation) (declining to toll the statute of limitations for incarcerated plaintiff's defamation claim based on a book published while plaintiff was incarcerated), *adopted*, 2017 WL 878427 (M.D. Pa. Mar. 6, 2017) (unpublished order).

¶ 21     Likewise, without Hoid alleging events occurring during the COVID-19 pandemic particular to him that prevented him from timely filing his lawsuit, he failed to prove an extraordinary circumstance.  *See, e.g., Gardner v. Erie Ins. Co.*, 639 F. Supp. 3d 135, 143 (D.D.C. 2022) (despite the restrictive court orders issued due to the COVID-19 pandemic, plaintiffs did not explain why the pandemic prevented them from timely filing the lawsuit, so equitable tolling did not apply).

11

¶ 22    And Hoid's claim of ineffective assistance of counsel is not an extraordinary circumstance that warrants equitable tolling.  *See Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1235-36 (11th Cir. 2017) (holding that an attorney's negligence, even if rising to the level of gross negligence, or misunderstanding about the law does not alone justify equitable tolling); *see also Fleming v. Evans*, 481 F.3d 1249, 1255 (10th Cir. 2007) (emphasizing that habeas counsel's negligence is not generally a basis for equitable tolling because there is no constitutional right to an attorney in state postconviction proceedings); *Ostrowski v. Kelly*, 639 F. Supp. 3d 1084, 1087 (D. Or. 2022) (stating that the "garden variety" negligence of an attorney, such as miscalculating deadlines, is not a basis for equitable tolling).

¶ 23    Accordingly, we conclude that Hoid's defamation and related claims are time barred.

### III.    Anti-SLAPP Motion

¶ 24    Hoid contends that the district court erred by applying the anti-SLAPP statute to his case and by dismissing his lawsuit.  We disagree.

## A. Standard of Review and Applicable Law

¶ 25     We review an order granting or denying a special motion to dismiss de novo, applying the same standards as the district court. *Anderson v. Senthilnathan*, 2023 COA 88, ¶ 10; *see also Salazar v. Pub. Tr. Inst.*, 2022 COA 109M, ¶ 21.

¶ 26     The purpose of Colorado's anti-SLAPP statute is to "safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government" and, at the same time, to preserve the right to "file meritorious lawsuits for demonstrable injury." § 13-20-1101(1)(b); *see also Gonzales v. Hushen*, 2023 COA 87, ¶ 19 (*cert. granted* May 28, 2024). The statute seeks to balance these often competing interests by creating a mechanism to "weed[] out, at an early stage, nonmeritorious lawsuits brought in response to a defendant's petitioning or speech activity." *Tender Care Veterinary Ctr., Inc. v. Lind-Barnett*, 2023 COA 114, ¶ 12 (*cert. granted* Sept. 3, 2024).

¶ 27     That mechanism — a special motion to dismiss — allows for the early dismissal of any claim arising from an act "in furtherance of the person's [constitutional] right of petition or free speech . . . in connection with a public issue," unless the plaintiff establishes "a

13

reasonable likelihood" of prevailing on the claim. § 13-20-1101(3)(a); *see also Coomer v. Donald J. Trump for President, Inc.,* 2024 COA 35, ¶ 60 (setting forth the analytical framework for the anti-SLAPP statute and its application in Colorado); *L.S.S. v. S.A.P.,* 2022 COA 123, ¶ 18.

¶ 28    A court reviewing such a motion considers not only the pleadings, but also affidavits submitted by the parties. § 13-20-1101(3)(b). The district court must undertake a two-step analysis. *Anderson,* ¶ 10. First, the court must determine whether the defendant has made a threshold showing that the anti-SLAPP statute applies — "that is, whether the claims arise from the defendant's exercise of free speech or right to petition in connection with a public issue." *Id.*; *see also* § 13-20-1101(2)(a), (3)(a). Second, if the defendant meets that threshold, the burden shifts to the plaintiff to establish a reasonable likelihood of prevailing on the claim. *See Anderson,* ¶ 10; *see also* § 13-20-1101(3)(a).

### B.    Analysis

¶ 29    Hoid contends that the anti-SLAPP statute is unconstitutional. Because Hoid does not develop this argument, we decline to address it. *See In re Marriage of Zander*, 2019 COA 149, ¶ 27 (an

appellate court does not address conclusory or underdeveloped arguments), *aff'd*, 2021 CO 12.

¶ 30    We agree with the district court's analysis that the anti-SLAPP statute applies to Hoid's lawsuit.  The anti-SLAPP statute applies to any claims that arise "from any act . . . in furtherance of the person's right of petition or free speech . . . in connection with a public issue."  § 13-20-1101(3)(a).  A claim may be based on a person's or entity's statement — whether oral or written — "made in a place open to the public or a public forum in connection with an issue of public interest."  § 13-20-1101(2)(a)(III).  It may also include "[a]ny other conduct or communication" in furtherance of the constitutional rights to petition or of free speech "in connection with a public issue or an issue of public interest."  § 13-20-1101(2)(a)(IV).

¶ 31    The news articles constitute speech on a quintessential public forum — the internet — and were published for the public to view. *See, e.g., Tender Care*, ¶ 19 ("[I]nternet sites available to the public (like Facebook) are 'public forums' for anti-SLAPP purposes."); *see also Nygard, Inc. v. Uusi-Kerttula*, 72 Cal. Rptr. 3d 210, 218 (Ct. App. 2008) (holding that websites accessible to the public are

"public forums" for purposes of the California anti-SLAPP statute). Likewise, the FOX-31 video broadcast is also speech in a public forum. *See Hannaford v. Seven Satellite Pty*, No. 19STCV13245, 2021 Cal. Super. LEXIS 76672, at *20 (July 30, 2021) (unpublished order) ("Television programs constitute 'speech in a public forum . . . .'" (quoting *De Havilland v. FX Networks, LLC*, 230 Cal. Rptr. 3d 625, 633 (Ct. App. 2018))).[6]

¶ 32    And the news articles involved a criminal investigation, which is a matter of public interest. *See Bowers v. Loveland Publ'g Co.*, 773 P.2d 595, 596 (Colo. App. 1988) (The commission of crime is "without question . . . of legitimate concern to the public," and police reports are "matters of public concern."). The news articles informed the public about the police investigation, specifically that law enforcement was seeking a person of interest in connection with the victim's death. The news articles also provided updates on Hoid's arrest and criminal charges, which we agree are issues of

---

[6] California's anti-SLAPP statute is substantially like our statute; therefore, "we look to California case law for guidance in construing and applying" section 13-20-1101, C.R.S. 2024. *Tender Care Veterinary Ctr., Inc. v. Lind-Barnett*, 2023 COA 114, ¶ 16 (*cert. granted* Sept. 3, 2024).

public interest.  Therefore, we conclude the district court correctly determined that the anti-SLAPP statute applied to Hoid's defamation and defamation-related claims.

¶ 33     Next, we, like the district court, conclude that Hoid failed to plausibly plead facts to demonstrate a reasonable likelihood that he would prevail on his defamation and defamation-related claims. Even assuming FOX-31's statements are defamatory, Hoid failed to produce clear and convincing evidence that FOX-31 acted with actual malice.  *See Creekside Endodontics, LLC v. Sullivan*, 2022 COA 145, ¶ 31; *Coomer*, ¶ 143.

¶ 34     Actual malice requires the plaintiff to prove the defendant "knew the statement to be false or made the statement with reckless disregard for whether it was true or not."  *Diversified Mgmt., Inc. v. Denver Post, Inc.*, 653 P.2d 1103, 1106 (Colo. 1982) (quoting *Walker v. Colo. Springs Sun, Inc.*, 538 P.2d 450, 457 (Colo. 1975)).  The actual malice standard requires a showing that the publisher knew the statement at issue was false or "entertained serious doubts as to the truth of the statement or acted with a high degree of awareness of its probable falsity."  *Creekside*, ¶ 38 (quoting *Fry v. Lee*, 2013 COA 100, ¶ 21).

17

¶ 35    While Hoid alleged that the news articles contained false statements, he failed to plead any allegations suggesting that FOX-31 knew the statements were false or acted with reckless disregard of their truth.  Indeed, the news articles included verbatim wording of, or statements consistent with, information distributed by the Longmont police in their emails sent to various news outlets, including FOX-31.  For example, a Longmont police email sent on November 27, 2020 said, "Mr. Hoid has not been charged in the death of [the victim]."  FOX-31's subsequent November 27, 2020 article states this exact information: "Hoid has not been charged in [the victim's] death."  While Hoid maintains FOX-31 painted him out as the victim's "murderer," none of the news articles did so.  And FOX-31's video broadcast does not even mention Hoid's name.

¶ 36    Because we conclude Hoid failed to plead facts demonstrating a likelihood of success on the merits of his claims, we also discern the district court did not err by granting FOX-31's special motion to dismiss.

IV.    Judicial Misconduct and Concealment

¶ 37    Hoid contends that the district court committed judicial misconduct when it aided FOX-31's concealment of the video

18

broadcast that caused harm to his reputation and endangered his family. But Hoid failed to preserve this argument. *See Ortiz v. Progressive Direct Ins. Co.*, 2024 COA 54, ¶ 40 ("In civil cases, we do not review issues that are insufficiently preserved.") (*cert. granted* Apr. 14, 2025). Even so, the Colorado Commission on Judicial Discipline has exclusive jurisdiction over investigations of, and decision-making authority to impose discipline against, judicial officers. *See In re People*, 2024 CO 12, ¶ 15. Thus, even assuming Hoid had preserved his judicial misconduct arguments, we are without jurisdiction to review his contentions. *See In re Kamada*, 2020 CO 83, ¶ 13.

## V. Attorney Fees and Costs

¶ 38 Section 13-20-1101(4)(a) provides that "a prevailing defendant on a special motion to dismiss is entitled to recover the defendant's attorney fees and costs." Because we conclude that, as a matter of law, Hoid did not have a reasonable likelihood of prevailing on his claims because he cannot prove actual malice, FOX-31 is the prevailing party entitled to recover its reasonable attorney fees and costs, including those incurred on appeal. *See Creekside*, ¶ 54; *Coomer*, ¶ 220 (anti-SLAPP statute permits recovery of appellate

19

attorney fees for a prevailing defendant). Therefore, we remand the case to the district court to calculate and award FOX-31 its reasonable attorney fees and costs. *See* C.A.R. 39.1; *Rosenblum v. Budd*, 2023 COA 72, ¶ 64.

## VI. Conclusion

¶ 39 The judgment is affirmed, and the case is remanded with directions to award FOX-31 its reasonable attorney fees.

JUDGE LIPINSKY and JUDGE MOULTRIE concur.

20